Davis *et al. v.* The People.

Elisha Davis *et al.*, plaintiffs in error, v. The People of the State of Illinois, defendants in error.

*Error to Brown.*

The law is well settled, that if the creditor, by a valid and binding agreement, without the assent of the surety, gives further time for payment to the principal, the surety is discharged both at law and in equity; and it makes no difference, whether the surety may be thereby actually damnified or not.

Where an Act of the legislature gave a collector of taxes a longer time, in which to make payment, than he had by the law in existence, when he executed his official bonds with sureties, it was *held* that the sureties were fully discharged, if the Act was passed without their assent.

The legislature has an undoubted right to pass an Act extending the time of payment to a collector of taxes, and their action is binding on the State.

A surety is not permitted to discharge the debt of the principal, until he is in default, and can be legally called on for payment.

Debt upon a collector's bond, brought by the defendants in error against the plaintiffs in error, in the Brown Circuit Court. The cause was tried by the Hon. Stephen A. Douglass, at the April term 1843, and a judgment rendered for the penalty, &c. Debt $6305; damages $275·15. The Opinion of the Court contains the proceedings in the cause.

*W. A. Richardson,* for the plaintiffs in error.

*J. A. McDougall,* Attorney General, for the defendants in error.

The Opinion of the Court was delivered by

Treat, J. The revenue law of the 26th of February, 1839, requires the collector on the first Monday of March annually, to account for and pay over the whole amount of the revenue due the county for the preceding year. Laws of 1839, 11, § 21.

Under the provisions of that Act, Elisha Davis was appointed collector of Brown County for the year 1839, who entered into bond, with S. W. Miller and others as his sureties, as required by law.

On the 7th of January, 1841, by a special Act of the legislature, the time for making a final settlement by said Davis with the county, for the revenue for the year 1839, was extended until the first day of September, 1841.   Laws of 1841, 304, § 6.

In March, 1842, an action was instituted in the name of the People of the State of Illinois, against said Davis and his sureties, on his bond as collector for the year 1839.   The breaches assigned were the non-payment to the county, of the revenue due it for the year 1839.

The sureties filed a special plea, alleging in substance, that the breaches suggested in the declaration accrued subsequent to the 7th of January, 1841; that the Act of the legislature of that date, was passed without their assent, and that by reason of the extension of time thereby given to their principal to settle with the county, they were discharged.   There was a demurrer to this plea, which the Circuit Court sustained. Judgment was thereupon rendered against Davis and his sureties, for the amount of the penalty of the bond, and for $275·15, the damages assessed by reason of the breaches suggested.

To reverse that judgment, the sureties prosecute a writ of error.

It is assigned for error, that the Circuit Court erred in sustaining the demurrer to the plea, interposed by the sureties. This presents the question, whether the Act of the 7th of January, 1841, discharged the sureties of the collector.

The law is well settled, that if the creditor, by a valid and binding agreement, without the assent of the surety, gives further time for payment to the principal, the surety·is discharged both at law and in equity; and it makes no difference, whether the surety may be thereby actually damnified or not. *Sprigg* v. *The Bank,* 10 Peters, 257; *Rathbone* v. *Warren,* 10 Johns. 587; *Gifford* v. *Allen,* 3 Metcalf, 255; *Solomon* v. *Gregory,* 4 New Jersey R. 112; *Gahn* v. *Niemcewice,* 11 Wend. 312.

In this case the Act of the legislature gave the collector a longer time, in which to make payment, than he had by the

law in existence, when the sureties incurred their responsi-
bility, by the execution of the bond.   The people of the State
were the obligees of the bond.   The legislature had, there-
fore, the undoubted right to pass the Act, and it was binding
on the State.   While it was operative, no suit could have
been prosecuted against the collector.   During that period,
the sureties had no right to make payment to the County, and
resort to their principal for reimbursement.   A surety is not
permitted to discharge the debt of the principal, until he is in
default, and can be legally called on for payment.   The Act
in question materially changed the original contract, to which
the sureties were parties, and if passed without their assent,
fully discharged them from all liability on the bond.   The
Circuit Court, therefore, erred in sustaining the demurrer.
   * The judgment is reversed, and the cause remanded for
further proceedings, consistent with this Opinion.

*Judgment reversed.*