THE UNITED STATES, PLAINTIFFS IN ERROR, *v.* A. HODGE AND LEVI PEARCE.

Where the bill of exceptions appears upon its face to have been regularly taken, the court cannot presume against the record.

Where a mortgage was given by a postmaster to secure the post-office department, and the Circuit Court was asked to instruct the jury, that, according to the true interpretation of the mortgage, there was contained therein no stipulation or agreement to extend the time, or preclude the government from suing the principal and sureties upon the postmaster's bond, and the court refused, upon the ground that the jury were the proper judges of the fact whether time was given, on a perusal of the mortgage; this was error in the court. It is the duty of the court to construe all written instruments given in evidence, as a question of law.

Payment under this mortgage could not be enforced until after the lapse of six months from its date. But its acceptance by the government did not release the sureties upon the bond, because, in order to discharge the surety by giving time, the time which is given must operate upon the instrument which the surety has signed. The mortgage here was only a collateral security, which was beneficial to the surety.

A motion for a new trial waives the right to a writ of error in those circuits only where the courts have adopted a rule to this effect; and in those circuits the right should be waived upon the record, before the motion for a new trial is heard.

The practice in Louisiana allows the sureties to be sued without joining the principal.

THIS case was brought up, by writ of error, from the Circuit Court of the United States for the Eastern District of Louisiana.

It was an action brought against the defendants in error, as the securities upon th bond of the postmaster of the city of New Orleans. The facts of the case are sufficiently set forth in the opinion of the court.

It was argued by *Mr. Clifford* (Attorney-General), for the United States, and by *Mr. May* and *Mr. Brent*, for the defendants in error. Of the argument of the Attorney-General the reporter has no notes.

*Mr. May* and *Mr. Brent*, for the defendants in error, divided their argument into three heads, viz. : —

I. That the mortgage discharged the defendants from all liability on their bond to the plaintiffs.

II. That the exceptions were not properly taken.

III. That the action was erroneously brought.

Before entering upon the argument, the preliminary remark was made, that although the court below may have erred in refusing to instruct the jury, yet if the party was not prejudiced by it, this court would not reverse. 5 Peters, 135; 9 Gill & Johns. 439.

If in point of law the judgment ought to be affirmed, the court will affirm it, notwithstanding error. 8 Peters, 214.

I. The mortgage discharged the defendants from all liability on their bond.

This proposition involves three, viz. : —

1st. The facts attending the execution of the mortgage.

2d. The law authorizing it.

3d. The law applying to and expounding it.

With respect to the first subdivision, viz. the facts, the counsel examined the record, to show that the execution of the mortgage was concealed from the sureties; that it was exhibited to the Postmaster-General, and by him referred to the auditor, in whose office it was filed on the 19th November, 1839, and nothing further was done until the 7th January, 1840.

2d. The law authorizing it. (This branch of the argument is omitted, as the court did not appear to question it, inasmuch as the acceptance of the mortgage is considered to be the act of the United States.)

3d. The law applying to and expounding it. This is the important inquiry in the case. The defendants were sureties of Ker, who was the principal in the bond, on which this suit is brought. The United States agree with the principal, without the knowledge or consent of the sureties, in order to secure the payment of his debt, and agree for a large and valuable consideration to give him time for the payment of the debt. The United States receive from the principal a mortgage of valuable property to secure the whole of their debt. This discharges the sureties, because time for the payment of the debt is given, and it is a higher security for the debt.

It is a general rule of law, lying at the foundation of all these contracts, that " a party taking a surety is bound to notice the nature of his engagement, and protect him." Hence, the law on this subject is very strict. 7 Price, 132; Pitman on Princ. and Surety, 167, 170, 182, 183; 3 Merivale, 277; 1 Moore & Payne, 759; Holt's Nisi Prius Cases, 84; 2 McLean, 74; 10 Peters, 266, 268; 7 Johns. 337; 7 Taunt. 53; 2 Marsh, 363.

That time for the payment of the debt is given by this mortgage, the following authorities show. 12 Wheat. 554, 505; 5 Howard, 206; 3 Wash. C. C. R. 71; 3 Younge & Collyer, 188, 189; 7 Harr. & Johns. 103; 8 Bing. 156.

A creditor, by giving time of payment, undertakes that he will not during the time given receive the debt from any surety of the debtor; for the instant any surety paid it, he would have a right to demand and recover it from his principal. 4 Bing. 719.

If giving time *might* injure the surety, he is discharged. It is not necessary that in point of fact he is injured. The law is the same even if he is benefited. He is the judge of that. 7 Price, 225, 232, 234.

This mortgage was also a higher security for the debt. In Louisiana, it amounted to a judgment. Code of Practice, art. 732, 733; 6 Martin, N. S. 465; 15 Peters, 170.

A judgment is a security of a higher nature, and merges a bond. 1 Chitty, Pl. 49, 50; 1 Peters, C. C. R. 301; 18 Johns. 477; 11 Gill & Johns. 14, 15; 6 Cranch, 253; 2 Harr. & Johns. 474.

This mortgage is then a confession of judgment, with a stay of execution for six months, and will discharge the surety. 6 Munf. 6; 3 Call, 69; 6 Gill & Johns. 168.

III. The action was erroneously brought. (The counsel cited many cases from the English authorities and from other States, to show that all the obligors should have been sued, and the following authorities from Louisiana. Code of Practice, 330, note; 4 New Series, 435; 4 La. Rep. 107; 2 Robinson, 389.)

Mr. Justice McLEAN delivered the opinion of the court.

This is a writ of error to the Circuit Court for the Eastern District of Louisiana.

William H. Ker, being appointed postmaster of the city of New Orleans, in 1836, gave a bond, with the defendants as his security, in the sum of twenty-five thousand dollars, for the faithful discharge of his duties as postmaster. Having failed to perform those duties, an action was commenced on the bond against his securities, alleging a large defalcation by Ker, and claiming the penalty of the bond.

In their defence the defendants set up a mortgage which was executed by Ker the 15th of August, 1839, on property real and personal, to secure the payment to the post-office department of a sum not exceeding sixty-five thousand dollars, or such sum as might be found due on a settlement, from and after six months from the date of the mortgage. This instrument, which gives time for the payment of the indebtment by Ker, it is pleaded, releases the defendants as the sureties of Ker.

A jury, being impanelled, found a verdict for the defendants. A motion for a new trial was made and overruled. No exception lies to this decision. The motion is made to the sound discretion of the court.

The questions arise on certain instructions to the jury prayed for by the district attorney; none were asked by the defendants.

It is objected, that it does not appear that the exceptions were taken on the trial, and signed by the judge during the term. The bill of exceptions states, that, " on the trial of the

24 *

cause, the district attorney requested the court to charge the jury," &c., and at the close, " to which opinions of the court, refusing to charge as requested, the district attorney excepts, and prays that the bill of exceptions, with the documents referred to therein, be signed, sealed, and made a part of the record, which is accordingly done," and which is signed by the judge. Upon its face, this bill of exceptions appears to have been regularly signed; and the court cannot presume against the record.

The first, fifth, seventh, ninth, and tenth instructions, refused by the court, are not so connected with the case as to require a consideration. Nor is it deemed necessary to consider the instructions given as asked or as modified by the court, until we come to the eleventh and last prayer. In this the district attorney requested the court to instruct the jury, " that, according to the true interpretation of said mortgage, there was and is contained therein no stipulation or agreement to extend the time, or preclude the government from suing the principal and sureties on said bond." This the court refused to give, on the ground that the jury were the proper judges of the fact whether time was given, on a perusal of the mortgage. In this the court erred. It is its duty to construe all written instruments given in evidence, as a question of law.

Payment under the mortgage could not be enforced until after the lapse of six months from its date. And it appears that the mortgage was designed to cover the whole amount of Ker's defalcation. But the important question is, whether this mortgage suspended the legal remedy of the department on the official bond of the postmaster. There is no provision in the mortgage to this effect. And it cannot be successfully contended, that taking collateral security merely can suspend the remedy on the bond. The holder of a bill of exchange, by taking collateral security of the drawer, not giving time, does not release the indorser. James *v.* Badger, 1 Johns. Cas. 131; Kennedy *v.* Motte, 3 McCord, 13; Hurd *v.* Little, 12 Mass. 502; Ruggles *v.* Patten, 8 Mass. 480.

Giving time for payment, to discharge the indorser, must operate upon the instrument indorsed by him. Now if the post-office department had, by the mortgage, suspended the right of action on the bond for the time limited in the mortgage, it might have released the sureties. But no such condition is expressed, and none such can be implied. The mortgage does not purport to be given in lieu of or in discharge of the bond. It is merely a collateral security, which operates beneficially to the defendants. For if they shall pay the defalcation of Ker, or so much of it as shall amount to the penalty of the

bond, and the mortgaged property shall be sufficient to cover the whole indebtment, there can be no question that the sureties would be subrogated to a due proportion of the rights of the department in the mortgage.

The principle is in no respect different from that which arises on a promissory note or bill, where collateral security is taken. In the authorities above cited, it was considered that, where an indorser takes an indemnity for indorsing a note, he waives a notice of demand. But if the holder of the note take additional security from the drawer, the indorser is not released. And it cannot be material of what character the collateral security may be. It may consist of promissory notes not due, a mortgage payable on time, or any thing else, it does not affect the remedy on the original instrument. This can only be done by an express agreement, for a valuable consideration. The remedy on the collateral instrument is wholly immaterial, unless it discharges or postpones that on the original obligation. There is no such condition in the mortgage under consideration, and consequently it can in no respect affect or suspend the remedy of the post-office department on the bond.

If the remedy on an instrument is suspended, for a valuable consideration, the indorser or security is released, because his right to discharge the obligation and be subrogated to the rights of the holder of the paper is also suspended. But a contract to give time is void, and does not release the security, unless it be founded upon a valuable consideration. It must be a contract which a court of law or equity can enforce. Now there is no contract in the mortgage which suspends the right of action on the official bond. Consequently, no injury is done to the sureties on that bond. They are left free to act for their own interests, as they could have acted before the mortgage. The principle on which sureties are released is not a mere shadow without substance. It is founded upon a restriction of the rights of the sureties, by which they are supposed to be injured. But by no possibility can they be injured in the case under consideration. On the contrary, it is clear that the mortgage may operate beneficially to them, if they shall pay the amount of their bond. And the Circuit Court should have instructed the jury to this effect.

The motion for a new trial was not a waiver of a writ of error. In some of the circuits there is a rule of court to this effect. But effect could be given to that rule only by requiring a party to waive on the record a writ of error, before his motion for a new trial is heard. In the greater part of the circuits no such rule exists. It does not appear to have been adopted in Louisiana.

It is insisted that "the action is brought wrong; and that, if the judgment be reversed, the plaintiffs cannot recover, because of the nonjoinder of Ker as a defendant."

The action against the sureties, omitting the principal, is sustained by the Louisiana practice. In Maria Griffing, Adm'x, v. Caldwell, 1 Robinson, 15, it was held that a creditor has the right, but he is under no obligation, to include the principal and surety in the same suit. And in Smith, Adm'r, v. Scott, 3 Robinson, 258, it is said a surety, who binds himself with his principal, *in solido*, is not entitled to the benefit of discussion, and may be sued alone for the whole debt. So in Curtis v. Martin, 5 Martin, 674, it is laid down, that the surety may be sued without the principal.

In Barrow v. Norwood, 3 Louisiana Rep. 437, the court held, where the obligation is joint, all the obligors must be made parties to the suit. But that was not a case of suretyship. The action was brought against one of three indorsers.

On the grounds above stated, the judgment of the Circuit Court is reversed, and the cause remanded for further proceedings, conformably to this opinion.

### Order.

This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the Eastern District of Louisiana, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged by this court, that the judgment of the said Circuit Court in this cause be and the same is hereby reversed, and that this cause be and the same is hereby remanded to the said Circuit Court, with directions to award a *venire facias de novo*.