Leonard v. Village of Gibson.

stead of $150.   For this error the judgment must be reversed, and the case remanded.

Judgment reversed.

---

PERRY K. LEONARD ET AL.

v.

THE VILLAGE OF GIBSON.

SURETIES ON APPEAL BOND—RELEASE.—Where, pending an appeal from a magistrate, the plaintiff and defendant, without the knowledge or consent of the sureties on the appeal bond, enter into an agreement for the payment of a certain sum by installments, in satisfaction of the judgment appealed from, and the appeal is dismissed in pursuance of such agreement, the sureties on such appeal bond are discharged, although the appellant has failed to make the payments agreed upon.

APPEAL from the Circuit Court of Ford county; the Hon. OWEN T. REEVES, Judge, presiding.   Opinion filed June 29, 1880.

Messrs. TIPTON & RYAN, for appellants; that the bond was improperly admitted in evidence; the declaration being upon a bond for two hundred dollars and costs, and the bond offered being for two hundred dollars costs, cited Spangler v. Pugh, 21 Ill. 85; Higgins v. Lee, 16 Ill. 495; Giles v. Shaw, Breese 219; Smith v. Frazer, 64 Ill. 164; Curry v. Hinman, 3 Gilm. 90; Fournier v. Faggott, 3 Scam. 347.

The agreement discharged the sureties:   Reynolds v. Hall, 1 Scam. 35; The People v. Moon, 3 Scam. 123; Stull v. Hance, 62 Ill. 52; Trotter v. Strong, 63 Ill. 272; Commonwealth v. Miller, 8 S. & R. 452; Potts v. Nathan, 1 W. & S. 155; Mfr's Bank v. Bank of Pa. 7 W. & S. 335; Talmadge v. Burlingame, 9 Barr, 21; Carpenter v. King, 9 Met. 511; Brighton v. Bank of Orleans, 2 Bank. R. 458.

The village is estopped from denying the validity of the agreement:   Rogers v. Burlington, 3 Wall. 654; Muran v.

Miami County, 2 Blade, 722; Knox Co. v. Aspinwall, 21 How. 539; Knox Co. v. Wallace, 24 How. 546; Bissell v. Jeffersonville, 24 How. 287; Mercer Co. v. Hackett, 1 Wall. 83; Cincinnati v. Morgan, 3 Wall. 275.

Mr. A. Sample and Mr. B. F. Payne, for appellee; that the dismissal of an appeal by agreement affirms the judgment below, cited Chase v. Bernard, 29 Cal. 128; Ammons v. Whitehead, 31 Miss. 99; McConnell v. Swailes, 2 Scam. 571; Young v. Mason, 3 Gilm. 55; Sutherland v. Phelps, 22 Ill. 91.

The agreement could not stay the issue of a *procedendo*, and was therefore not binding, and did not release the sureties: Brandt on Suretyship, 424.

The promise must be binding in law: Farwell v. Meyer, 35 Ill. 40; Phares v. Barbour, 49 Ill. 370.

It is not necessary to charge the surety that an execution should have been issued: Brandt on Suretyship, 542; Gregory v. Stark, 3 Scam. 611; Ambrose v. Weed, 11 Ill. 488.

An incomplete or conditional arrangement will not release the surety: Lyle v. Morse, 24 Ill. 97; McGehea v. Scott, 15 Ga. 74.

There is no proof that the execution of the agreement was a corporate act: 1 Dillon on Mun. Corp. § 197; Butler v. Charleston, 7 Gray, 12; Silas v. Hatfield, 13 Gray, 347; City of East St. Louis v. Wehrung, 46 Ill. 392; City of Alton v. Mulledy, 21 Ill. 76.

The village is not estopped by receipt of money under the agreement: Dillon on Mun. Corp. § 379; McDonald v. Mayor, etc., 68 N.Y. 23; Bradley v. Ballard, 55 Ill. 413; Powers v. Briggs, 79 Ill. 493.

Higbee, J. This was a suit on an appeal bond executed by Leonard, as principal, with Samuel A. Thompson and Jonathan B. Lott as his securities, reciting a judgment before a justice of the peace of Ford county for two hundred dollars and costs of suit, in favor of the village and against Leonard.

The securities plead that after the execution of the bond, and while the suit was pending on appeal, the village and Leonard, without the knowledge or consent of the securities, entered into an agreement in writing as follows:

" This agreement, made and entered into this 25th day of February, A. D. 1878, between the Board of Trustees of the Village of Gibson, Ford county, Illinois, of the first part, and P. K. Leonard, of said village, of the second part,

" Witnesseth, That the party of the first part has this day agreed to release the party of the second part from any and all liability for the violations of an ordinance of said village passed May the 7th, 1877, when the said Leonard shall comply with the following conditions, to wit:

" 1st.   To pay into the treasurer of said village within fifteen days from this date the sum of fifty dollars.

. " 2d.   To pay to said treasurer the sum of fifty dollars within three months after this date.

" 3d.   To pay said treasurer within six months from this date the sum of fifty dollars.

" 4th.   To dismiss his appeal at his own costs in the case of the Village of Gibson v. P. K. Leonard, in the Circuit Court of Ford county, Illinois.

" 5th.   Not to hereafter sell or otherwise dispose of any liquors of any kind in violation of said ordinance.

" The said first party hereby reserves the right to go behind this settlement and prosecute said Leonard for all sales heretofore made, in case that he violates any of the above conditions; but in case that he pays the above sum of money at the times above stated, then the said board of trustees are to release the judgment now held against Leonard for two hundred dollars, and if he fails to comply with all the above conditions, then this release and agreement is to be null and void, and said judgment is to be collected in full, and the said Leonard is to pay all of the costs now against him.

A. Craabs,   (seal)

E. S. Ross,   (seal)

F. C. Martin,   (seal)

N. Snyder,   (seal)

A. L. Ballard,   (seal)

B. F. Payne.   (seal)

Village attorney and board of trustees, of the first part.

P. K. Leonard.  (seal)

Party of the second part. "

The plea further avers that by the agreement, the time for the payment of the amount due from Leonard to the village was extended, and they, the securities, thereby released from all further liability on said bond.

It was admitted on the trial, that fifty dollars had been paid the village by Leonard, on this agreement.

Appellee insists that the agreement is not binding on the village, because not executed under the corporate seal, duly authorized by resolution of the village trustees.

This objection comes too late. It was signed by the village attorney, and acted upon by dismissing the appeal, and the village accepting from Leonard fifty dollars paid under it.

When the appeal was dismissed, the judgment for two hundred dollars on the justice's docket was left in full force against Leonard, subject, however, to the agreement of the parties. No execution could rightfully issue on it until the time had expired for the first payment, and if that was paid, the right to an execution was further suspended until the next payment was due.

Under this agreement, Leonard was entitled to the time agreed upon within which to make the payments, and any attempt to violate the contract in this regard, could have been restrained by a court of competent jurisdiction.

The law is well settled, that if the creditor, by a valid and binding agreement, without the assent of the surety, gives further time for payment to the principal, the surety is discharged, both at law and in equity; and it makes no difference whether the surety be damnified or not. Davis v. The People, 1 Gil. 409; Warner v. Campbell, 26 Ill. 282; Galbraith v. Fullerton, 53 Ill. 126.

And this applies as well after as before judgment.

In Sec. 325, p. 438, Brant on Suretyship, the author says: "If after a judgment is rendered against principal and surety, the creditor by binding agreement with the principal, extends the time of payment, it is generally held that the surety is discharged, the same as if such time had been given before the judgment was rendered. A judgment does not create, add to, nor detract from the indebtedness of a party; it only de-

clares it to exist, fixes the amount, and secures to the suitor the means of enforcing payment; * * * the relation of principal and surety continues to exist between them even after judgment."

In Comegys et al. v. Cox et al., 1 Stewart, p. 262, it was held that, where a principal in a bond for a writ of error without the assent of his securities, agreed with the adverse party that the judgment should be affirmed, and that he would deliver endorsed bills for the amount, payable by installments, and that no execution should be levied but in the event of the non-payment of the bills, the securities were discharged.

And this doctrine is recognized in Gardner et al. v. Watson et al., 13 Ill. 347.

The agreement suspended for a time the right of the village to coerce payment from the principal debtor, and the surety was thereby discharged.

The judgment is reversed and the cause remanded.

Reversed.