## Charles E. Duer

## v.

## Charles A. Morrill.

1. Agreement to stay execution.—An agreement to stay execution is not an agreement to give time for the payment of a judgment.

2. Surety's liability.—An agreement which will discharge a surety must operate upon the instrument he signs. A contract with the principal which only affects some collateral right which the plaintiff may have, if it does not postpone that on the original undertaking, is immaterial.

3. Surety's undertaking—Agreement to stay execution for a given time.—A and B, to prevent the levy of an attachment against C, undertook and promised to the effect " that if the said plaintiff (D), shall recover judgment in said action (against C,) we will pay to the said plaintiff, upon demand, the amount of said judgment, together with costs." *Held*, that the taking of the judgment and the demand on A or B to pay it, fixed his liability, and whether the plaintiff in the suit neglected to issue execution upon the judgment or so agreed that he would be prevented from enforcing payment of it by execution for a given time, could in no manner affect the rights of A or B.

ERROR to the Superior Court of Cook county; the Hon. KIRK HAWES, Judge, presiding. Opinion filed December 8, 1886.

This was an action of debt brought by defendant in error upon an undertaking given to prevent the levy of an attachment in an attachment suit brought in the District Court of Montana, in and for the county of Choteau, by said defendant in error, against one W. H. Burgess, to recover on a promissory note of said Burgess, given by him to defendant in error, for merchandise. The undertaking was in the words following:

Charles A. Morrill, doing business under the name and style of C. A. Morrill & Co., plaintiff,

v.

William H. Burgess, defendant.

Undertaking on release of attachment.

Whereas, the plaintiff in the above entitled cause has commenced an action in the said court against the said defendant for the recovery of $1,843.39, and whereas, an attachment has been issued, directed to the sheriff of Choteau county, and placed in his hands for execution, whereby he was commanded to attach and safely keep all the property of the said defendant within this county not exempt from execution, or so much thereof as may be sufficient to satisfy the plaintiff's demands, therein stated, in conformity with the complaint, at $1,843.39, unless the defendant give him security by an undertaking of at least two sureties, in an amount sufficient to satisfy said demand, besides costs, in which case to take such undertaking.

And whereas, the said defendant is desirous of giving the undertaking mentioned in said writ, now, therefore, we, the undersigned residents of the county of Choteau, and territory of Montana, in consideration of the promises, and to prevent the levy of said attachment, do hereby jointly and severally undertake in the sum of $3,700, and promise to the effect that if the said plaintiff shall recover judgment in said action, we will pay to the said plaintiff upon demand the amount of the said judgment together with costs.

Witness our hands and seals this 8th day of January, 1884.
Signed:

W. H. Burgess,
Charles E. Buer.
W. J. Minar.

Affidavit attached sworn to by Charles E. Duer and W. J.
Minar, before Henry G. McIntire, notary public.

Notarial certificate dated January 9, 1884.

After the giving of said undertaking, a motion was made
by the attorneys for Burgess to strike out the complaint, but
the motion was overruled and Burgess given one day to say
whether he had a defense.

Some negotiations were had by the attorneys for the de-
fendant, Burgess, seeking to gain further time to answer, but
that being refused by the attorney for the plaintiff, some five
days after, the plaintiff, who was, by the practice of the Mon-
tana court, entitled to a default, an agreement was made by
the attorneys of the respective parties in open court, that the
defendant, Burgess, should confess judgment in favor of the
plaintiff, Morrill, for $1,900.40, and execution on said judgment
should be stayed for ninety days. The judgment was accord-
ingly entered by the court, and a stay of execution ordered.
After the expiration of the ninety days, the amount of said
judgment was demanded of Minar and Duer, and upon their
refusal to pay, suit was commenced upon the undertaking in
Montana, which suit was afterward dismissed without preju-
dice and the present action commenced.

To the declaration filed in the superior court, several pleas
were filed, setting up as a defense for the appellant, that he
was a surety upon the undertaking sued on; that the judgment
in the Montana court was by confession, and was in pur-
suance of an agreement between Morrill and Burgess, and
that it was a part of the agreement that a stay of execution
should be granted, which stay effected an extension of time
to Burgess to pay the judgment, and such agreement was
without the knowledge, privity or consent of Duer, and that
during the period of the stay, Burgess had goods and chattels
out of which the debt could have been made.

It appeared in evidence that the note on which judgment in the Montana court was obtained, was sent to the attorney there, with instructions to secure the same or enforce collection by suit, and that he had no further authority or instructions in that regard, and that the plaintiff in the suit was not present in court when the agreement to confess judgment and for a stay of execution was made, and had no knowledge of any such agreement. The case was submitted to the court without a jury and there was a finding and judgment against the defendant in debt, and damages assessed at $2,158.08, and the case is brought to this court by writ of error.

Messrs. PADDOCK & ALDIS, for plaintiff in error.

Mr. EMERY S. WALKER and Messrs. CRATTY BROS. & ALDRICH, for defendant in error; that the extension must pertain to the contract sued upon and not merely to some other matter, cited U. S. v. Hodge, 6 Howard, 279.

MORAN, J.  The liability of the plaintiff in error arises on the terms of the undertaking, by which, to prevent the levy of the attachment, he undertook and promised to the effect " that if the said plaintiff shall recover judgment in said action, we will pay to the said plaintiff, upon demand, the amount of the said judgment together with costs."

The import of this undertaking is not that the defendant in the attachment suit should pay the judgment, but is a positive agreement that the signers of the undertaking would pay the amount of the judgment on demand. The taking of the judgment and the demand on them to pay it fixed their liability, and whether the plaintiff in the suit neglected to issue execution upon the judgment, or so agreed that he would be prevented from enforcing payment of it by execution for a given time, could in no manner affect the rights of the plaintiff in error. Upon the rendition of the judgment the signers of the undertaking might undoubtedly pay the same, and those who signed as sureties could take such steps as they saw fit against the judgment debtor without regard to any stipu-

lation to stay execution. Palmer v. Vance, 13 Cal. 553; Drake v. Smith, 44 Iowa, 410.

Further, an agreement to stay execution is not an agreement to give time for the payment of a judgment. The judgment is payable when entered, and may be discharged at once. Execution is but a method of enforcing payment by levy and sale of the defendant's property. The order staying execution did not disable the plaintiff from demanding payment from the undertakers at once, and bringing immediate suit on the instrument on which plaintiff in error was surety. 31 Miss. 99.

An agreement which will discharge a surety must operate upon the instrument he signs. A contract with the principal, which only affects some collateral right which the plaintiff may have, if it does not postpone that on the original obligation, is immaterial. U. S. v. Hodge, 6 How. 279.

The questions as to whether the attorney had authority to make the stipulation granting stay of execution, and whether there was, under the circumstances, any consideration which would support such an agreement, we deem it unnecessary to decide. The judgment of the superior court will be affirmed.

Judgment affirmed.