Roberson v. Blevins.

J. M. ROBERSON *et al.* v. J. C. BLEVINS.

No. 8516.

1. PROMISSORY NOTE—*Liability of Surety.* A surety who signs a note blank as to date, amount, and payee, and intrusts it to the principal, who fills out the blanks, and for a larger sum than the surety understood was to be inserted, and then delivers it to the payee, who takes it without notice, will generally be held liable for the note as the payee took it.

2. ———— *Extension — Surety Discharged.* If a creditor, without the knowledge and consent of the surety, makes a valid agreement with the principal extending the time of payment of the debt for a definite period, the surety will be discharged.

3. ———— *Extension — Sufficient Consideration.* The giving of a real-estate mortgage to secure the debt by the principal is a sufficient consideration for an agreement to extend the time of payment.

4. ———— *Collateral Security.* The mere fact that the creditor takes a collateral security, maturing at a later date than the debt

Opinion of the Court.

for which the surety is liable, does not necessarily imply an extension of the time of payment.

5. ———— *Agreement to Extend — Question for Jury.* Where a mortgage is given by the principal to secure a past-due debt, without the knowledge or consent of the sureties, and it contains stipulations giving color to the claim of the sureties that it was the intention to tie the hands of the creditor and suspend all remedies on the note for a definite period of time, and there is oral testimony to the like effect, the question whether such an agreement to extend the time of payment was made as would release the sureties from liability should be submitted to the jury for its determination.

*Error from Atchison District Court.*
*Hon. Robert M. Eaton, Judge.*

REVERSED AND REMANDED.           OPINION FILED JUNE 6, 1896.

*Solomon & Bland,* for plaintiffs in error ; *Waggener, Horton & Orr,* of counsel.

*M. Gephart,* and *C. D. Walker,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This is a proceeding brought to reverse a judgment for $3,400.58, obtained by J. C. Blevins against J. M. Roberson and T. J. Roberson, partners as J. M. Roberson & Son, R. A. Van Winkle, C. W. Roberson, Henry Schiffbauer, and J. L. Miller, administrator of the estate of G. W. Bowser, deceased. The action was based upon a promissory note for $2,000, dated February 8, 1883, in favor of William Blevins, who died intestate on February 26, 1886. It was due one year after date, and bore interest at the rate of 12 per cent. per annum ; and it is alleged that it was executed by the judgment debtors above named. Default was made in the payment of the note, and after the death of William Blevins it was transferred to and taken by his son, J. C. Blevins, as his distributive share of his father's estate. He began an action

upon the note upon April 11, 1888, which remained pending until February 28, 1889, when it was dismissed without prejudice to a future action.  On February 10, 1890, upon application to the probate court, an order was made ratifying and confirming the transfer of the note by the administratrix of the estate to J. C. Blevins, and afterward, on February 20, 1890, this action was brought against the makers of the note and also the widow, Martha Blevins, who was the administratrix of the estate of William Blevins, and the children other than J. C. Blevins ; and, as against them, it was asked that they be compelled to come into court and set up any interest or claim they had in the note.

The widow, administratrix, and children filed an answer disclaiming any interest in the note, alleging that the estate of William Blevins, deceased, had been finally settled, and the administratrix discharged. No defense was made by J. M. Roberson & Son, who were the principals upon the note ; but the sureties defended, alleging that J. C. Blevins was not the real party in interest ; that the note was signed in blank at the request of J. M. Roberson, with the understanding that the amount to be obtained upon it should not exceed $600 or $700 ; and that afterward it was filled out without authority for $2,000, with full knowledge on the part of William Blevins and his agent, J. C. Blevins, that the amount to be written in the note should not exceed $700.  Another defense was that on April 14, 1886, J. M. Roberson, one of the principals upon the note, without the knowledge or consent of the sureties, entered into a valid contract with Martha Blevins, administratrix of the estate of William Blevins, who was then the holder of the note, whereby she agreed with Roberson to ex-

tend the time of payment of the note until August 28, 1886, and that the extension was based upon the consideration that the note was secured by J. M. Roberson giving a mortgage on a large tract of land in Atchison county. After the action was brought G. W. Bowser died, and his administrator appeared in his behalf, and set up the additional defense that G. W. Bowser never signed or executed the note, or authorized anyone to execute it for him.

On the trial of the case the jury found that J. M. Roberson & Son obtained $2,000 upon the note, and that the other parties whose names were attached to it signed the same as sureties and obtained no part of the money. It was further found that J. C. Blevins, who acted for his father in making the loan, was told by J. M. Roberson that he desired to borrow $2,000 upon the note, and that J. C. Blevins had no knowledge of any understanding between Roberson and the sureties that a less sum was to be obtained upon it. Some contention was made that G. W. Bowser never executed the note, but we think the proof is sufficient to sustain the contrary finding of the jury. The proof is amply sufficient upon the question that the note was taken in good faith and without any knowledge of a limitation upon the authority of Roberson to insert the sum of $2,000 therein. A surety who signs a note blank as to date, amount, and payee, and intrusts it to the principal, who fills out the blanks, and for a larger sum than the surety understood was to be inserted, and then delivers it to the payee, who takes it without notice, will generally be held liable for the note as the payee took it. ( *Joseph v. National Bank*, 17 Kan. 256 ; *Lowden v. National Bank*, 38 id. 533 ; *Carter v. Moulton*, 51 id. 9 ; *Rose v. Douglass Township*, 52 id. 451 ; Brandt, Suretyship, § 410.)

1. Note in blank —liability of surety.

The principal defense in the case, however, was
that the sureties upon the note were discharged from
all liability by the extension of the time of payment
of the note from April 14, 1886, to August 28, 1886.
At the time the mortgage was given, the
note was more than two years past due,
and the holder was pressing for payment.
J. C. Blevins, who was acting for the ad-
ministratrix of the estate of William Blevins, deceased,
presented a mortgage already prepared for signing, in
which it was stated that it was taken as additional
security of the note in question, and it contained the
following provision :

*2. Extension
of time—
release of
surety.*

"Now, if said party of the first part shall pay or
cause to be paid to said party of the second part, her
heirs or assigns, said sum of money in the above-
described note mentioned, together with interest
thereon, on or before 28th of August, 1886, then these
presents shall be wholly discharged and void, and
otherwise shall remain in full force and effect; but if
said sum or sums of money, or any part thereof or
any interest thereon, is not paid on or before August
28, 1886, . . . the whole of said sum or sums
and interest thereon shall, and by these presents, be-
come due and payable, and said party of the second
part shall be entitled to the possession of said prem-
ises."

In addition to that there is the testimony of J. M.
Roberson, which tends to show that the understand-
ing between Blevins and himself was that the time
of payment of the note was extended from April to
August; that Blevins pointed out to him the extension
in the mortgage, and informed him that, if he did not
sign the mortgage, his mother, who was administra-
trix of the estate, would bring an action at once. A
part of his testimony is somewhat inconsistent with
this view, but, all together, tends to show that the

understanding was that the giving of the mortgage would operate as an extension of the time of payment of the note. There is testimony that the sureties did not know of or consent to the extension of the time of payment, if extension it can be called; but the court refused to submit to the jury whether an extension of the time of payment had been made, and whether there had been a release of the sureties by reason of such extension. On the contrary that matter was taken wholly from the jury by an instruction to the effect that no agreement to extend the time of payment had been made which would exonerate the sureties from liability upon the note.

It is well settled that if the creditor, without the knowledge and consent of the surety, makes a valid agreement with the principal extending the time of payment for a definite period, the surety will be discharged. The giving of the real-estate mortgage by Roberson is a sufficient consideration for an agreement to extend the time of payment; but whether such an agreement was made is a question of some doubt and difficulty. The mere fact that the creditor takes a collateral security maturing at a later date than the debt for which the surety is liable is not necessarily to be regarded as an extension of the time of payment. The mortgage itself does not in express terms postpone the payment of the debt. It is not necessary, however, that the agreement to give time to the principal should be in writing or stated in any set phrase, in order to discharge the sureties. It may result from a parol agreement, and generally it will be sufficient to show a state of facts that clearly implies such an agreement. It is true the mortgage in question cannot be enforced. until the end of the period

3. Collateral security— surety not released.

Roberson v. Blevins.

named therein, but some of its stipulations give color to the claim that it was the intention to tie the creditor's hands, and suspend all remedies upon the note until August 28, 1886. The provisions of the mortgage in this respect are not clear, and the implications to be drawn from them may be affected by the parol proof as to the agreement for extension of time when the mortgage was made. The action being upon a past-due note, parol evidence of an agreement to postpone the time of payment does not vary or contradict the terms of the note, and is admissible. Whether a valid agreement for the extension of time was made is to be determined not alone from the provisions of the mortgage, which is only some evidence of what the understanding or agreement of the parties was. The language of the mortgage should be taken in connection with the words and deeds of the parties when the mortgage was executed, and at the time it is claimed that the agreement was made. All of this testimony should have been submitted to the jury, whose province it was to determine this question of fact.

The statutory limitation invoked by the plaintiffs in error does not, in our view, bar the action, nor do we think that any of the other errors assigned by them can be sustained.

The question of jurisdiction of the court was raised upon the ground of absence of parties; but those parties, having disclaimed any interest, are not interested in the proceeding, and are not necessary to a review of the case.

For the errors mentioned, the judgment of the district court will be reversed, and the cause remanded for a new trial.

All the Justices concurring.