Dean v. Rice.

J. Y. Dean v. W. H. Rice *et al.*

No. 12,393.   ( 66 Pac. 992.)

SYLLABUS BY THE COURT.

PROMISSORY NOTE—*Principal and Surety.*  A surety will not be released from liability because of an extension of time given by the creditor to the principal without the consent of the surety, when, at the time of the extension, the creditor expressly reserves his remedies against the surety, so that he may sue the surety and the surety in turn may have immediate recourse against the principal.

Error from Franklin district court; SAMUEL A. RIGGS, judge.  Opinion filed December 7, 1901.  Division one.  Reversed.

*Gamble & Costigan*, for plaintiff in error.

*Walter Pleasant*, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J. :  In an action brought by J. Y. Dean to recover on a promissory note originally executed by W. H. Rice, James Turner, and C. L. Rice, the defense was made by C. L. Rice that he had signed the paper as surety, and had been released by an extension of time granted without his knowledge or consent. At a public sale of the property of Dean, held on February 9, 1886, W. H. Rice bought some cattle on credit and gave a note for $306, payable nine months afterward, with interest from date at twelve per cent. per anum, and James Turner and C. L. Rice signed the note with him as sureties.  About December 1, 1890, the note being not paid, Dean obtained from W. H. Rice and James Turner a renewal note, payable two years from that time, with interest at ten

per cent. per anum from date.   C. L. Rice, who had been absent from the state for several years, did not sign the renewal note nor consent to the extension of time thereby granted to the other parties, but the testimony is that at that time Dean reserved his rights against C. L. Rice, the surety.   In this action to recover the debt, judgment was rendered against W. L. Rice and James Turner without contest, but the court held that C. L. Rice was not liable on the obligation because the creditor, Dean, had granted the principal on the note an extension of time without the consent of the surety.

Dean first alleges that error was committed in admitting testimony to the effect that C. L. Rice had signed this note as surety, when it had not been shown that Dean knew when he accepted the renewal note that Rice had signed in that capacity.   The point is without merit, one reason being that testimony was given tending to show that Dean was asked on the day of the public sale to accept Turner and C. L. Rice as sureties, and that he had accepted them in that relation.   As a general rule an agreement between the creditor and the principal for an extension of time to the principal in which to pay the debt, without the knowledge or consent of the surety will operate as a release of the surety.   (*Roberson v. Blevins*, 57 Kan. 50, 45 Pac. 63.)   An important exception to the rule is that if the creditor, at the time of the extension, reserves his remedies against the surety the latter will not be discharged from liability.

The principal reason for the release of sureties in such cases is that the postponement of payment varies the contract relation and deprives the surety of the right to pay the debt when it becomes due and to have immediate recourse on the principal.   When a cred-

itor ties his own hands and grants an indulgence which prevents a surety from obtaining that indemnity against a principal which the law gives him, the surety is necessarily prejudiced and should be released. If, however, a creditor explicitly reserves all remedies against the surety, it rebuts the presumption of a purpose to release the surety, and, in effect, it is an agreement between creditor and principal that the creditor may sue the surety, who in turn may then proceed against the principal. If the surety is not deprived of the protection and indemnity which the law affords him against a principal he is not prejudiced and is not entitled to be released from the obligation which he had undertaken. (2 Rand. Com. Pap. § 970; 2 Dan. Neg. Inst. § 1322; Tied. Com. Pap. § 424, p. 706; 2 Brandt, Sur. § 376; 24 A. & E. Encyl. of L. 830.)

As the proof in the case all shows that the remedies against the surety were expressly reserved by the creditor, there was error in releasing the surety from liability.

The judgment of the district court will be reversed and the cause remanded for further proceedings.

DOSTER, C. J., SMITH, ELLIS, JJ., concurring.