**CLEVELAND NAT. BANK v. BICKEL et al.**

No. 7420—Opinion Filed July 11, 1916.

(159 Pac. 302.)

**Principal and Surety—Discharge of Surety Signing as Principal—Extension of Time.**

One who signs a promissory note executed after the passage of the Negotiable Instruments Act (Rev. Laws 1910, secs. 4169-4175) as a principal, although in fact a surety and known to the payee to be such, is not discharged by the granting of an extension of time for payment to the principal debtor without his consent.

(Syllabus by Burford, C.)

Error from County Court, Pawnee County; Geo. E. Merritt, Judge.

Action by the Cleveland National Bank against A. F. Bickel and another. Judgment for plaintiff against defendant Bickel, and judgment for defendant W. H. A. Williams, and the Bank appeals. Reversed as to defendant Williams, with directions to set aside judgment in his favor, and to render judgment for the bank against him.

Blake & Hazlett, for plaintiff in error.

Opinion by BURFORD, C. This was an action on a promissory note executed after the passage of the Negotiable Instruments Act in this state. The note was signed by A. F. Bickel and W. H. A. Williams as principals. There was nothing on the face of the note to indicate that either was a surety. Each defendant answered, setting up that the note had been paid by the taking of a subsequent note and mortgage from a party by the name of Wilson. Williams, in addition, answered that he was a surety on the note. At the trial the court, to whom the case was tried without the intervention of a jury, found that the note and mortgage was taken from Wilson, the third party, not in payment of the original obligation, but as collateral security thereto. He held, however, that the surety, Williams, was discharged. Apparently this holding was based upon the fact that the note taken from Wilson became due after the maturity of the original obligation which it was taken to secure, from which the court concluded that the time of payment of the original obligation was necessarily extended until the maturity of the collateral note, and that this extention having been made without Williams' consent operated to release him. Even under the old act this conclusion was wrong. See Randolph on Commercial Paper (2d Ed.) 961; U. S. v. Hodge. 6 How. 279, 12 L. Ed. 437; Roberson v. Blevins. 57 Kan. 50, 45 Pac. 63; Watauga Bank v. Matson, 99 Tenn. 390, 41 S. W. 1062; 7 Cyc. 894, and cases cited. There was no proof of any agreement to extend, except such as might be drawn from the due date of the collateral.

The controlling proposition in the case, however, seems to be that as Williams signed as principal, and regardless of whether or not he was actually a surety, or whether or not that fact was known to the payee, he could be discharged only in the manner provided in article 9 of the Negotiable Instruments Act, being sections 4169-4175, Rev. Laws 1910. In the act the causes for which a principal may be discharged are enumerated, but extension of time to a joint maker is not one of them. An extension of time to the maker not being enumerated as one of the causes which discharge a joint

principal the maxim "expressio unius exclusio alterius" applies, and such a plea cannot be sustained. This construction of these provisions of the act has apparently been uniform in all the cases which have considered them. These cases are collected in the notes to Vanderford v. Farmers' & Mechanics' National Bank, 105 Md. 164, 66 Atl. 47, as reported in 10 L. R. A. (N. S.) 129, and Richards v. Market Exchange Bank, 81 Ohio St. 348, 90 N. E. 1000, as reported in 26 L. R. A. (N. S.) 99. The trial court was therefore in error in discharging the defendant Williams, in view of his finding of fact that this Wilson note was taken as security rather than as payment.

The cause is reversed as to defendant Williams, with directions to the trial court to set aside his judgment in favor of the defendant Williams, and against the plaintiff bank, and to render judgment in favor of the Cleveland National Bank against W. H. A. Williams in the proper amount.

By the Court: It is so ordered.