## August Scherf, Appellant, v. Illinois Surety Company, Appellee.

### Gen. No. 23,069.

1. PLEADING, § 123*—*what is effect of failure to answer plea.* An unanswered plea setting forth a good defense is conclusive against plaintiff's right of recovery.

2. PRINCIPAL AND SURETY, § 6*—*how contract of surety construed.* The contract of a surety must be construed strictly and he cannot be held responsible beyond the precise terms of his undertaking.

3. PRINCIPAL AND SURETY—*when surety released from liability.* A stipulation without the consent of the surety, to delay the issuance of an execution for one month, entered into between the debtor and creditor, and the failure to have an execution issued for nearly five years after a judgment against the debtor releases the surety from liability.

Appeal from the County Court of Cook county; the Hon. DAVID T. SMILEY, Judge, presiding. Heard in this court at the March term, 1917. Affirmed. Opinion filed October 2, 1917.

CASTLE, WILLIAMS, LONG & CASTLE, for appellant; HOWARD P. CASTLE, of counsel.

A. J. HOPKINS, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This action is brought on a forthcoming bond given in an attachment suit in which the defendant company was surety. The judgment in the attachment suit was entered upon the stipulation of the parties without the knowledge or consent of the surety company. and no execution was issued nor any attempt made by the plaintiff in the attachment suit to recover the attached property until more than four years after the entry of the judgment. Defendant by its fifth plea set out the stipulation and averred the foregoing

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

facts in bar of plaintiff's action. The stipulation under which the judgment was entered is in the following words:

"WHEREAS the parties to the above entitled cause have agreed upon the terms of a settlement of the matters in controversy therein, it is therefore stipulated and agreed that the issue on the attachment branch of said case be found in favor of the plaintiff and that the issue on the assumpsit branch of said case also be found in favor of said plaintiff and against said defendant for the sum of five hundred seventy ($570) Dollars.

"It is further stipulated that judgment therefor be entered in favor of said plaintiff and against said defendant on the attachment issue and in favor of said plaintiff and against said defendant on the assumpsit issue for the sum of five hundred seventy ($570) Dollars.

"It is further stipulated and agreed that the plaintiff pay all costs incurred in the above entitled cause up to the present time, including the rendering of judgment and any costs accruing after the rendition of said judgment shall be taxed against said defendant.

"It is further stipulated and agreed as a part of the consideration of this settlement, that said sum of five hundred seventy ($570) Dollars shall bear interest from date of judgment at the rate of five per cent. per annum, and that no execution be issued on said judgment until after the 17th day of April, A. D. 1911.

Dated March 13th, 1911.

AUG. SCHERF,
Plaintiff.
E. COOK,
Defendant."

Plaintiff filed a replication to the fifth plea, to which defendant interposed a demurrer, whereupon plaintiff moved to carry the demurrer back to the plea. This motion was denied and the demurrer to the replication sustained. The plaintiff then sought to file several separate replications to the fifth plea, which

motion the court denied on the ground that such replications were sham pleas and contradictory of the averments of his declaration. Plaintiff declining further to plead to the fifth plea, the court, on motion of counsel for defendant, held that the facts set forth in the fifth plea were a bar to plaintiff's right of recovery and entered a judgment of *nil capiat,* from which judgment plaintiff prosecutes this appeal.

It is a well-settled rule of pleading that an unanswered plea setting forth a good defense is conclusive against plaintiff's right of recovery. Counsel for plaintiff in its brief says: "The defendant's fifth. plea seeks to avoid liability, because on the day before the entry of judgment in the attachment suit, plaintiff agreed to a stay of execution. We are entirely willing to rest our entire case as to the insufficiency of this fifth plea on the decision of Judge Moran in the above case of *Duer v. Morrill* (20 Ill. App. 355), which holds squarely that an agreement to stay execution, made in open court, in no way affects the liability of the surety in an action on the forthcoming bond. * * * "

Aside from all other objections in the challenge of plaintiff's counsel above quoted, the judgment of the trial court must, in the state of the pleadings, stand or fall on the sufficiency or insufficiency of the fifth plea. It is our judgment that the stipulation in the case at bar is much more far reaching than the mere agreement, in the *Morrill* case, *supra,* to delay the issue of execution. In the case under consideration the fifth plea not only sets up the stipulation by which an execution should not be issued for more than one month after the entry of the judgment, but the fact that no execution was issued until nearly five years after the entry of the judgment; that when the judgment was entered the attached property was in the possession of the principal in the bond and might have been recovered in satisfaction of the judgment. These conditions were brought about without the knowledge

Scherf v. Illinois Surety Co., 207 Ill. App. 298.

or consent of the defendant surety, and by an under-standing of the principal with the defendant in the attachment suit. We think *Warner v. Campbell*, 26 Ill. 282, states the rule applicable to the instant case. The court there said:

"In *Waters v. Simpson*, 2 Gilm. [7 Ill.] 574, this court held that the contract of a surety must be con-strued strictly, and he cannot be held responsible be-yond the precise terms of his undertaking. A binding agreement between the creditor and the principal debtor, materially changing the terms of the original, and to which the surety has not expressly or tacitly consented, has the effect to discharge the surety both at law and in equity, and when this has been done, courts will not stop to inquire whether the surety has been damnified or not."

In *Davis v. People*, 6 Ill. 409, it was held that:

"The law is well settled, that if the creditor, by a valid and binding agreement, without the assent of the surety, gives further time for payment to the prin-cipal, the surety is discharged both at law and in equity; and it makes no difference whether the surety may be thereby actually damnified or not. *Sprigg v. Bank*, 10 Pet. (U. S.) 257; *Rathbone v. Warren*, 10 Johns. (N. Y.) 587; *Gifford v. Allen*, 3 Metc. (Mass.) 255; *Solomon v. Gregory*, 19 N. J. L. 112; *Gahn v. Niemcewicz's Ex'rs*, 11 Wend. (N. Y.) 312." *Warner v. Crane*, 20 Ill. 148; *Leonard v. Village of Gibson*, 6 Ill. App. 503; *Dunlap v. Clements*, 18 Ala. 778.

The foregoing authorities announce the rule of law in force in this and other States, and as they are in direct conflict with plaintiff's contention as to what the *Morrill* case, *supra*, decides, the *Morrill* case can-not affect the situation or overrule the law as solemnly pronounced by this State's court of dernier resort.

The fifth plea presenting a complete defense to plaintiff's action, it consequently follows that the ac-tions of the court in overruling the plaintiff's demur-

rer thereto and the entry of the judgment thereon were without error, and the judgment of the County Court is therefore affirmed.

*Affirmed.*