## SUDBERRY v. JOHNSTON et al.

No. 24361.    April 23, 1935.

Rehearing Denied May 28, 1935.

Application for Leave to File Second Petition for Rehearing Denied June 18, 1935.

Bond, Hatcher & Bond, for plaintiff in error.

Bailey & Hammerly, for defendants in error.

PER CURIAM. This action was instituted in the district court of Grady county, Okla., by the defendant in error. W. V. Johnston, who will hereinafter be referred to as plaintiff, to recover a judgment against the plaintiff in error, B. H. Sudberry, who will hereinafter be referred to as defendant, upon a negotiable promissory note executed by the defendant and B. H. Moon and F. G. Gilliam to the plaintiff as payee.

The defendant by his answer admitted the execution of the note, and alleged that the consideration for said note was received by his cosigners, B. H. Moon and F. G. Gilliam, who were partners, engaged in the contracting business in the city of Chickasha, Okla., and that defendant signed said note with the express understanding and agreement with the plaintiff that the plaintiff would look to B. H. Moon and F. G. Gilliam for payment; and in the event he could not collect the note from Moon and Gilliam, then the plaintiff would sue the defendant; and that the defendant signed the note with the express agreement and understanding that he was merely an accommodation signer or surety thereon; and that after the execution of said note the plaintiff released F. G. Gilliam, one of the principal makers thereof, from liability thereon; and that by reason of such release, and certain other facts not material to the decision of this cause set up in said answer, the defendant was released and discharged from the payment of said note.

The defendant also requested that F. G. Gilliam be made a party defendant to said action, and pursuant to defendant's request F. G. Gilliam was made a party, and a cross-petition was filed by the defendant against F. G. Gilliam in which the defendant prayed that in the event judgment should be rendered against him, he have judgment over against F. G. Gilliam.

After trial judgment was rendered in favor of the plaintiff and against the defendant for the full amount sued for, and judgment was rendered over in favor of the defendant against F. G. Gilliam. No appeal has been perfected by F. G. Gilliam, and the judgment over against him is not assigned as error.

Upon the trial of this cause the defendant offered testimony tending to show that at the time the defendant signed the note in controversy he had an agreement with the plaintiff to the effect that if the defendant would sign the note the plaintiff would look first to Moon and Gilliam for its payment and would only attempt to collect said note from the defendant in the event plaintiff could not collect it from Moon and Gilliam.

This proffered testimony was objected to by the plaintiff, and the objection of the plaintiff was sustained. The refusal of the trial court to permit the introduction of this testimony is assigned as error.

In addition, the defendant also offered testimony to show that he signed the note in controversy as an accommodation maker or surety, and that this fact was known

to the plaintiff at the time the note was signed.

Plaintiff also adduced testimony showing that subsequent to the execution of said note the plaintiff had by written agreement released one of the principal makers from payment thereof, to wit, F. G. Gilliam.

The testimony of the defendant to the effect that he signed the note in controversy as a surety was received in evidence, but upon motion of the plaintiff the testimony was stricken, to which action of the trial court defendant duly excepted. The striking of this testimony from the record is also assigned as error.

The action of the trial court in refusing to permit the defendant to show that he had an oral agreement with the plaintiff by the terms of which it was agreed that the plaintiff should first endeavor to collect the note in controversy from Moon and Gilliam, and that the plaintiff would sue the defendant only in the event he was unable to collect from Moon and Gilliam, was correct. The rule forbidding the introduction of parol testimony to vary or modify the terms of a written instrument is applicable to negotiable promissory notes, the same as to other written contracts, and the exclusion of the evidence of the agreement above referred to was not error. First Nat. Bank of Tulsa v. Boxley, 129 Okla. 159, 264 P. 184; Hensley v. Moss, 132 Okla. 267, 270 P. 317.

The action of the trial court in striking from the record the testimony of the defendant to the effect that he signed the note in controversy as a surety was error; and in view of the further testimony in this case, showing that after the execution of the note the plaintiff released one of the principal makers, to wit, F. G. Gilliam, coupled with the fact that the trial court, in view of its ruling striking the testimony above referred to, did not consider the question of whether this release was made with or without the consent of the defendant, constitutes prejudicial error.

The applicable rule of law was settled by the Supreme Court of this state in the case of Strother et al. v. Wilkinson et al., 90 Okla. 247, 216 P. 436, wherein this court said:

"The plaintiff contends that even though the payee is not considered the holder in due course, the provisions of section 4169, Rev. Laws 1910, have been held to apply, and furnish the only grounds for discharge of a negotiable instrument. Oklahoma State Bank of Sayre v. Seaton, 69 Okla. 99, 170 P. 477; Cleveland Nat. Bank v. Bickel et al., 59 Okla. 279, 159 P. 302.

"Section 4108, Rev. Laws 1910, provides:

"'In the hands of any holder other than a holder in due course, a negotiable instrument is subject to the same defenses as if it were nonnegotiable.'

"As we have held that in the hands of the original payee the note is not in the hands of a holder in due course, the notes in the instant case, under the plain provisions of the above statute, are subject to the same defenses as if the notes were nonnegotiable, and are not controlled by the provisions of section 4169. The cases of Oklahoma State Bank of Sayre v. Seaton and Cleveland National Bank v. Bickel, supra, in so far as the same are in conflict with this holding, are overruled. The plaintiff in this case not being the holder in due course, and the notes sued on therefore being subject to the same defenses as if they were nonnegotiable, the law of suretyship is applicable."

Defendants in error, to sustain the action of the court, rely principally upon the case of Oklahoma State Bank v. Seaton, 69 Okla. 99, 170 P. 477, but it is to be noted that that decision, in so far as it held that the signer of a note was not entitled to show by parol testimony that he had signed the same as a surety in an action thereon by the original payee, was overruled by the decision of this court in Strother v. Wilkinson, supra.

Under the provisions of section 9630, O. S. 1931, a surety is exonerated in like manner with a guarantor. Under the provisions of section 9617, O. S. 1931, a guarantor is exonerated, if by any act of the creditor, without the consent of the guarantor, the original obligation of the principal is altered in any respect, or the remedies or rights of the creditor against the principal in respect thereto are in any way impaired or suspended.

The release by the plaintiff of one of the principal makers of said note was an alteration of the original obligation, as well as an impairment of the remedies and rights of the creditor against the principal; and if such release was made without the consent of the defendant in this case it would operate to discharge the defendant from liability upon the note sued on. The trial court, having excluded the testimony tending to prove that the defendant was a surety, did not consider the question of whether the release was made with-

out the consent of the defendant. The action of the trial court in refusing to consider the testimony tending to prove that the defendant was a surety on the note in controversy, under the facts in this case, constituted prejudicial error.

The judgment of the trial court is reversed and the case is remanded for a new trial.

The Supreme Court acknowledges the aid of Attorneys C. H. Rosenstein, A. M. Widdows, and A. B. Honnold in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Rosenstein and approved by Mr. Widdows and Mr. Honnold, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BAYLESS, PHELPS, CORN, and GIBSON, JJ., concur.