ROBERT JOHNSON

v.

FIRST NATIONAL BANK OF MORRISON.

*Negotiable Paper—Note—Collateral Agreement—Dependent Covenants—Notice to Assignee—Failure of Consideration—Pleas—Demurrer.*

1. In an action upon a promissory note, a plea to the effect that the note was given for seed-oats, in connection with an agreement that it was not to be paid until the crop matured and the payee had sold a certain quantity of the oats raised, at a stipulated price; that the plaintiff, as assignee, had notice of such agreement, and that such sale has not been made, constitutes a good defense.
2. In the case presented, it is *held:* That the promise, by the payee, to sell the oats raised, and of the maker to pay the note, are dependent covenants; that the payment of the note depends upon the sale according to agreement; and that certain pleas were defective.

[Opinion filed December 9, 1887.]

IN ERROR to the Circuit Court of Whiteside County; the Hon J. V. EUSTACE, Judge, presiding.

Messrs. MANAHAN & WARD, and J. & J. DINSMOOR, for plaintiff in error.

Mr. J. D. ANDREWS, for defendant in error.

A set-off or counter-claim is not an equity that attaches to

a note affecting purchasers with notice.    Benj. Chalmers' Dig. Art. 134, explanation 3; 2 Daniel's Neg. Inst. 401; Favorite v. Lord, 35 Ill. 142.

Breach of an executory agreement which 'constituted the consideration of a note, does not constitute a failure of consideration.    Gage v. Lewis, 68 Ill. 604, 617; Willetts v. Burgess, 34 Ill. 494; Davis v. McCready, 17 N. Y. 230; Patten v. Gleason, 106 Mass. 439; Daniel's Neg. Inst. Sec. 790; Condrey v. West, 11 Ill. 146, 151.

An executory agreement which constitutes only a part of the consideration on one side for the promise of the other party, and a breach of which can be compensated for in damages, is an independent covenant, and its breach is not a part failure of consideration.    2 Parsons on Contracts, 528–9 n. *r;* Nelson v. Oren, 41 Ill. 18; White v. Gillman, 43 Ill. 502; Gage v. Lewis, 68 Ill. 615; Tompkins v. Elliott, 5 Wend. 496.

Contemporaneous agreements must be between the same parties and no others, or else they are independent and can have no effect upon each other.    2 Parsons' Notes and Bills pp. 536, 537; Jackson v. McKeney, 3 Wend. 233; Isham v. Morgan, 23 Am. R. 361.

To rob one of character of *bona fide* holder, he must have notice of something that defeats the title of his assignor at the time of the assignment.    1 Daniel's Neg. Inst. 789; Benj. Chalmers' Dig., Art. 85, 88 ; 2 Parsons' Bills & N. 500, 501.

Fraud or illegality does not avoid a negotiable security except when a statute declares it void or says no action can be had upon the same.    Shipley v. Carroll, 45 Ill. 285; Clarke v. Johnson, 54 Ill. 296; Town of Eagle v. Kohn, 84 Ill. 292–6.

LACEY, J.    This was a suit based on a promissory note in form assigned to appellee, given by appellants to one C. P. Fox, in the sum of $500, due on or before the first of January, 1886, dated March 11, 1885, with interest.    There were no pleas except the special pleas, the plea of the general issue having been withdrawn.

The appellee demurred to each and all of the special pleas

and the demurrer was sustained by the court. The appellant abiding his pleas, the court gave judgments on the note against appellant.

From this judgment appeal is taken and the action of the court questioned as to its correctness. We are of the opinion that the second special plea was good. It was a plea to the declaration except $25, showing a partial failure of consideration to the amount of $475.

By the plea it is averred that the consideration of the note was the purchase, by appellant, of and from a pretended association calling itself the Ohio, Indiana and Michigan Bohemian Oat Association, for the introduction and sale of Bohemian oats, of fifty bushels of such oats, through C. P. Fox, payee of said note, who at the time of purchase was the agent of said pretended association, and sold said oats to the defendant as such agent; that at the time it was understood and agreed then and there, by and between the said pretended association and the appellant, that the said oats were purchased by defendant for seed; and as part of the consideration for the giving of the said note by appellant, the said association, through its agent, agreed with appellant in writing at the time of making the said note, and as a part of the same transaction, to sell for appellant out of the crop to be raised by him in 1885, from such seed, 100 bushels of said oats at $10 per bushel, before December 1, 1885, and appellant should not be called upon to pay any part of said note until and unless such sale for defendant of 100 bushels of oats, at $10 per bushel, should have been first made by said association, and although appellant, in 1885, raised from the said oats over 100 bushels of like oats, and has at all times since the harvest of 1885 had said 100 bushels of said crop ready for sale by said association, and at divers times since the said harvest and prior to December 1, 1885, has requested said association to sell said 100 bushels of said oats for appellant, yet the association have wholly failed to sell for defendant any part of the said 100 bushels of oats; and appellant avers that said fifty bushels of said oats were at no time worth to exceed the sum of $25. And the appellant avers that the said appellee received the said note with full

notice and knowledge of said undertaking of said association to sell said 100 bushels of the said oats for appellant, and that said note was not to be paid by appellant until and unless such sale was first made by said association for appellant, closing with a verification.

It will be noticed that this note, which is only a note in form, and the written agreement, constituted one contract as between the appellant and Fox, and as between the former and any assignee with notice of the agreement. It is not in reality a note when the writings are taken together and read as one contract.

It amounted to an agreement that the appellant should take the fifty bushels of oats at $500 and sow the same, and when the new crop was secured 100 bushels of them should be sold by the pretended association for $1,000. The sale was in substance guaranteed. Nothing was to be paid until all this was accomplished. It was a very roseate agreement on the part of the appellant.

Without any risk, except the possible failure of the crop, the appellant had an almost certain prospect to get enough out of the transaction to pay him for the original seed, $500 in cash besides, and his entire crop of oats, save the 100 bushels sold. He little suspected the intended fraud on the part of the oily-tongued agent bearing the significant name of Fox.

He could not see that Fox intended to transfer his note to an innocent holder and then refuse to fulfill his part of the agreement, which it may be reasonable to suppose would be hard to enforce either against the " *Ohio, Indiana and Michigan Bohemian Oat Association,*" or against the agent Fox.

The very favorableness of the contract should have been sufficient to put appellant on his guard, but it seems, like many others, he failed to see through the fraudulent plans of Fox.

In regard to the plea, if the substance of it is regarded, it would appear that, as appellee had notice of the agreement and that the note was not to be paid unless the 100 bushels of oats were first sold, it stood in the shoes of Fox, and the plea would operate against it the same as it would have done against Fox if he had brought the suit. If appellee knew of

the agreement to sell the 100 bushels of oats before the note could be due, it must have known that it simply held an assigned contract, the payment of the note depending on a certain other condition which, if not fulfilled by Fox or the Oats Company, it must fulfill itself in order to enable it to collect the note. It was a condition precedent, made so by the agreement that if the 100 bushels of oats were not sold for $1,000, then the note as a part of the agreement was to be null.

In other words, the entire consideration failed. This is not like the cases cited by the appellee where the consideration of a note simply rests on the covenants and agreement of a third party to do or perform some act, where the agreement does not make the consideration of the note invalid in case it is not performed.

The covenant of Fox or the Bohemian Oat Company, which for all the purposes of this case are one and the same, with appellant, promising to sell the 100 bushels of the oats, and the payment of the note, were dependent covenants. That is, the payment of the note depended on the sale according to agreement. If the sale never took place the consideration of the note failed.

In 2 Parsons, 529: n. *r*, cited by appellee's counsel, it is laid down as a rule of law, that "when a covenant goes only to a part of the consideration on both sides, and a breach of the covenant may be compensated in damages, it is an *independent* covenant."

Now, by virtue of this agreement, the failure to sell the 100 bushels of oats, as the agreement required, could not be compensated in damages; the agreement to pay the note itself was to fail. The plea, however, admits that the note was good as to $25, the value of the oats furnished for appellant by Fox. This was voluntary and the appellant would be bound by it though it were unnecessary to make the admission. It is not necessary that the appellee should have known that there was a breach of contract to sell the oats; he knew that the payment of his note depended upon the fulfillment of the contract, and that was sufficient and was all he need know. Fox was simply the agent of the Oats Company,

and, as such, the note was taken in his name and neither he, nor his assignee with notice, can have a better right than the principal.

The third special plea fails to aver notice to the appellee of the existence of the outside agreement. All the other pleas are also bad as pleas of fraud and circumvention. The fraud and circumvention charged in them simply goes to the consideration and not to the execution of the notes.

The averments in the pleas simply show that the appellant knowingly executed the note, but that he did so because he believed in the promises and inducements held out to him by Fox, of great gain to accrue to him by entering into the bargain and the raising of the oats, and may be in one plea he did not fully understand the legal effect of the note and agreement signed separately as they were. An innocent purchaser of a promissory note is not to be affected in his rights by any such consideration as this. In order to be good such plea should show that by some trick or device the signature of the note was procured when in fact the maker supposed he was signing something else, not a note. The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*