CLOWERS *et al.* v. SNOWDEN *et al.*

No. 2064, Okla. T.    Opinion Filed June 24, 1908.

(96 Pac. 596.)

1.    **BILLS AND NOTES—Nonnegotiable Note—Attorney's Fee.** A promissory note, providing: "If collected by an attorney, a fee of $10 to be charged"—is nonnegotiable.

2.    **MORTGAGES—Foreclosure—Defenses—Want of Consideration—Nonnegotiable Note.** In a suit to foreclose a mortgage securing a debt, evidenced by a nonnegotiable promissory note, it was error for the court to exclude evidence tending to show want of consideration, notwithstanding plaintiff be an innocent purchaser for value and before maturity.

(Syllabus ·by the Court.)

*Error from District Court, Kingfisher County; C..F. Irwin, Judge.*

Action by Ella F. Snowden and James L. Admire against

Mathew Clowers and Charity Clowers. Judgment for plaintiffs, and defendants bring error. Reversed and remanded.

On July 11, 1903, Ella F. Snowden, defendant in error, plaintiff below, brought suit in the district court of Kingfisher county, Oklahoma Territory, against Mathew Clowers and Charity Clowers, plaintiffs in error, defendants below, and set forth in her petition, in substance, that, on December 20, 1902, defendants, Mathew Clowers and Charity Clowers, made, executed, and delivered to James L. Admire their one certain promissory note for $387.25, payable 6 months after date, with interest thereon at 12 per cent. per annum from date; that afterwards said Admire sold and conveyed the same to plaintiff for value, and before maturity, without recourse; that she was, at that time, the owner and holder of the same. That there was due and owing plaintiff thereon the sum of $387.25, with interest, and $10 for an attorney's fee, as provided for in the face of the note. That to secure the payment of said note, on the same day, defendants made, executed, and delivered to said Admire a mortgage on certain lands, describing them, in Kingfisher county, Okla. T., which was duly filed for record, and which, before the maturity of said note, was duly assigned to her by said Admire for value; that she was, at that time, the owner and holder thereof, and prays that the same be foreclosed. Copies of the note and mortgage are filed with the complaint, and marked "Exhibits A and B."

On August 5, 1903, defendants, Mathew Clowers and Charity Clowers, for answer, in substance, pleaded: (1) *Non est factum;* (2) want of consideration; (3) that plaintiff is not the real owner of the mortgage sued on; that the assignment from Admire was merely colorable, and made for the purpose of cutting off their defense thereto; and that he was the real party in interest. The answer was also filed as a cross-petition, but it is unnecessary to further notice it, except to say that it was duly verified, and that Admire was made a party, and filed a general denial thereto, as did also the plaintiff.

On December 5, 1905, there was a trial to a jury, which resulted in a verdict and judgment thereon for the plaintiff Ella F. Snowden, in the sum of $532.66, and costs, and a decree of foreclosure, from all of which defendants appealed, and the cause is now before us for review.

*D. K. Cunningham,* for plaintiffs in error.
*Matthew John Kane,* for defendants in error.

TURNER, J. (after stating the facts as above). After plaintiff had made out a *prima facie* case of execution and delivery of the note and mortgage sued on, defendants, to maintain the issues on their part, offered evidence tending to show want of consideration to support the express promise to pay. The court was of the opinion, and so stated, that the note was negotiable; and, as plaintiff was an innocent purchaser for value and before maturity, the evidence was not admissible, and sustained an objection on the part of plaintiff to its introduction. To this ruling defendants excepted, and have assigned it as error. We think the exception well taken, and that the court erred in excluding the evidence.

It has been held in *Cotton v. John Deer Plow Co.,* 14 Okla. 605, 78 Pac. 321, and recently decided by this court in *Clevenger v. Lewis,* 20 Okla. 837, 95 Pac. 230, that a promissory note providing, as does the one sued on, for payment of an attorney's fee, is not negotiable. That being the case, it necessarily follows that it is subject to all the equities existing between the original parties, and that want of consideration is a good defense. Neither can it be said, in the face of the authorities, that the plea of *non est factum* and want of consideration are inconsistent. *Barnes v. Scott,* 29 Fla. 285, 11 South. 48; *Paducah First National Bank v. Wisdom's Ex'rs,* 111 Ky. 135, 63 S. W. 461; *Mullikin v. Mullikin,* 23 S. W. 352, 25 S. W. 598, 15 Ky. Law Rep. 609; *Patrick v. Boonville Gaslight Co.,* 17 Mo. App. 463; *Booco v. Mansfield,* 66 Ohio St. 121, 64 N. E. 115; *Pavey v. Pavey,* 30 Ohio St. 600; 14 Enc. of Pl. & Pr. 622.

The judgment of the lower court is reversed, and the cause remanded for a new trial.

Williams, C. J., and Dunn and Hayes, JJ., concur; Kane, J., disqualified.