## TOVERA v. PARKER *et al.*

No. 1913.    Opinion Filed November 26, 1912.

(128 Pac. 101.)

**BILLS AND NOTES**—Delivery—Conditions.    A promissory note may be delivered by the maker to the payee upon condition, or as an escrow.

(Syllabus by the Court.)

*Error from Lincoln County Court;*
*Fred A. Wagoner, Judge.*

Action by J. W. Parker and L. R. Cocklin against W. A. Tovera.    Judgment for plaintiffs, and defendant brings error. Reversed.

*S. D. Decker* and *Vick S. Decker,* for plaintiff in error.

*Malcolm D. Owen* and *Harry W. Harris,* for defendants in error.

TURNER, C. J.    On January 13, 1909, J. W. Parker and L. R. Cocklin, partners as Parker & Cocklin, defendants in error, sued W. A. Tovera, plaintiff in error, in the county court of Lincoln county in replevin for two mules, alleging a special property therein and right of possession thereto by virtue of a chattel mortgage thereon, executed by defendant to the Lincoln County Co-Operative Association, a corporation at Wellston, Okla., on February 17, 1908, to secure to the corporation a nonnegotiable promissory note for $100 of even date, and by the corporation, for value before maturity, indorsed to plaintiffs, and which said note was due and unpaid.    After answer filed, in effect a general denial, there was trial to a jury and judgment for plaintiffs, and defendant brings the case here.

From the testimony it appears that the corporation was doing business at Wellston, and about January 1, 1908, desiring to establish a branch at Midlothian in that county, sent its agents

throughout that vicinity to take subscription notes for its stock; that defendant executed his three promissory notes therefor, aggregating $100, payable to the corporation, and thereafter took certain steps to investigate its affairs; that on February 17, 1908, a stockholders' meeting was called at Midlothian schoolhouse, and defendant attended, together with other stockholders and friends cf the corporation; that a Mr. Eddy, the business manager of the corporation, addressed the meeting and explained to those who had executed unsecured notes for stock, as had defendant, that such could not be used at the bank as collateral for borrowing money, and that it was desirable that secured notes be executed; that a certain gin and the Christie stock of goods were for sale at Midlothian, which the corporation desired to purchase; whereupon the note and mortgage in question were executed. Thus far there is no conflict in the testimony. But from this point it conflicts. Witnesses for defendant testify that the same were then and there executed and delivered to the corporation conditionally upon the strength of an understanding with Mr. Eddy, gathered from his statements there made in open meeting, that if the corporation could get 100 secured notes of like amount it would purchase the gin and stock of goods, but if it could not the notes would be returned to the makers. Other witnesses testify that such was not the understanding, but that the understanding was that the notes were executed in payment for stock in the concern which, they say, was subsequently issued. All agree that the desired 100 secured notes of like amount were never obtained; nor were the gin and stock of goods purchased by the corporation.

Thus it will be seen that the case turned upon the question of fact whether the note and mortgage forming the basis of plaintiffs' title were or were not delivered conditionally. This question was submitted to the jury and found in favor of plaintiffs, which would settle it, so far as we are concerned, had not the court instructed:

"The jury are instructed, as a matter of law, that a delivery in escrow can only be made to a stranger. It cannot be made to a party to the transaction. And that if delivery in escrow be made to a party to the transaction, no matter what may be the

form of the words or condition upon which it is delivered, the note takes effect discharged of the condition on which the delivery was made."

This was error as assigned. It is not true, as there stated, that it takes the intervention of a third party to make an escrow note effectual; but the same may be conditionally delivered, as here, to the payee. 4 Am. & Eng. Enc. of Law, p. 204, says:

"Bills and notes may be delivered to take effect, not at all events, but conditionally upon the happening of a future contingency, and this may be accomplished either by a formal delivery in escrow into the hands of a third person for the promisee, or by delivery to the promisee himself in the nature of an escrow; the intervention of a third person not being absolutely necessary, according to the better doctrine, to make the transfer in effect conditional."

Recognizing this doctrine in *Farmers' Bank of Roff v. Nichols*, 25 Okla. 550, 106 Pac. 835, 138 Am. St. Rep. 931, 21 Ann. Cas. 1160, we said:

"The authorities hold that where the maker of a note delivers it to the payee with the agreement that it shall not take effect until the happening of a certain contingency or the performance of a certain condition, and where neither the contingency has occurred nor the condition been performed, the note never became operative; and an action thereon by the payee or his assignee with notice cannot be maintained. *Johnson v. First National Bank of Morrison*, 24 Ill. App. 352; *Mendenhall v. Ulrich*, 94 Minn. 100, 101 N. W. 1057. See, also, *Myrich v. Purcell et al.* [95 Minn. 133, 103 N. W. 902], 5 Ann. Cas. 148. And this is true although the contemporaneous agreement be parol. *Graham et al. v. Remmel*, 76 Ark. 140, 88 S. W. 899 [6 Ann. Cas. 167]; *Mehlin v. Mut. Res. Fund Life Ass'n*, 2 Ind T. 396, 51 S. W. 1063; Joyce on Defenses to Com. Paper, sec. 310."

In *Burke v. Dulaney*, 153 U. S. at page 233, 14 Sup. Ct. at page 818, 38 L. Ed. 698, Mr. Justice Harlan, speaking for the court, said:

"The issue here is between the original parties to the note. And the evidence offered by the appellant, and excluded by the court, did not in any true sense contradict the terms of the writing in suit, nor vary their legal import, but tended to show that the written instrument was never, in fact, delivered as a present contract, unconditionally binding upon the obligor according to its terms from the time of such delivery, but was left in the hands of

Delaney, to become an absolute obligation of the maker in the event of his electing, upon examination or investigation, to take the stipulated interest in the property in question. In other words, according to the evidence offered and excluded, the written instrument, upon which this suit is based, was not, except in a named contingency, to become a contract, or a promissory note which the payee could at any time rightfully transfer. Evidence of such an oral agreement would show that the contingency never happened, and would not be in contradiction of the writing. It would prove that there never was any concluded, binding contract entitling the party who claimed the benefit of it to enforce its stipulations."

Reversed.

All the Justices concur.