## HARRIS v. CLANTON.

No. 4282.   Opinion Filed April 27, 1915.

(148 Pac. 683.)

1.  **BILLS AND NOTES—Delivery on Condition—Validity.** A promissory note may be delivered by the maker to the payee upon condition.

2.  **BILLS AND NOTES—Action by Assignee—Defenses Available.** Where a promissory note is delivered to a firm of attorneys at law, in compliance with an agreement for the payment of contingent fees for the prosecution of certain lawsuits, and the payees dissolves partnership before the suits are tried, and one of the payees, without the knowledge or consent of the other, attempts to assign the note to another client, whom the trial court found was not a "holder in due course," and this finding is supported by the evidence; held that such note is subject to the same defenses in an action by the assignee that would have been available in an action by the original payees.

(Syllabus by Galbraith, C.)

*Error from District Court, Creek County;*

*R. C. Allen, Judge.*

Action by James Harris against William Clanton. Judgment for defendant, and plaintiff brings error. Affirmed.

*J. L. Byrne,* for plaintiff in error.

*J. E. Thrift,* for defendant in error.

GALBRAITH, C.   Action commenced in the district court of Creek county on a promissory note executed by the defendant in error, William Clanton, to Byrne and Don Carlos, dated March 31, 1911, due June 30th thereafter, and having the following indorsement on the bank thereof:

"I hereby sell, assign, transfer and deliver without recourse, for value received, the within note this 31st day of May, 1911. Byrne & Don Carlos, by J. L. Byrne."

The petition alleged, in brief, the execution and delivery of the note and the assignment thereof for value to the plaintiff prior to maturity, and that he was the owner and holder thereof, attaching a copy as an exhibit, and charging that no part of the same had been paid, and prayed for judgment in the principal sum of the note and interest and costs. The answer was a general denial and a cross-petition setting out:

That the payees of the note, J. L. Byrne and C. C. Don Carlos, were, at the time of the execution thereof, attorneys at law located at Sapulpa, doing business under the name of Byrne & Don Carlos. That on March 31, 1911, the maker of the note employed such attorneys to bring and prosecute two suits, one for the recovery of a tract of land in the country, and another to recover some lots in the city of Sapulpa, and agreed to pay, as a contingent fee for the services, the sum of $750, $500 for the recovery of the land, and $250 for the recovery of the lots, nothing to be paid unless the suits were successful. That Byrne wrote the note and told the maker, before he signed it, that the conditions of the payment, according to the oral understanding, were embodied in the note, and that he thought it was in there. That if he had known that it was not there he would not have signed the note. That the two suits were filed shortly after the note was delivered, and, before either one was tried, the firm of Byrne & Don Carlos dissolved partnership, and that, after the dissolution, the feeling of enmity between the members of the late firm was such that they could not work together and perform their contract for the prosecution of said lawsuits, and further charged:

"That since the said dissolution of said partnership, the said J. L. Byrne, without authority of the said C. C. Don Carlos, his copartner, or authority of law, and in utter disregard of the rights of this defendant, as maker of said note and as their client who reposed confidence in them, transferred said note to one James Harris, the plaintiff in this suit, well knowing that the transfer of the same was a fraud upon the rights of this defendant, and that the said Byrne, though he did not appear as attorney of record, appeared and argued in the county court a proceeding

by said plaintiff against this defendant on the said note of this defendant. This defendant believes and charges that the said James Harris, who now claims to be the owner and holder of the said note, parted with no consideration therefor, and had notice of the fact of the dissolution of the said partnership, the absence of authority of the said Byrne to sell or transfer the same, and of the intent of the said J. L. Byrne to defraud this defendant thereby."

That, owing to the fact of the inability of the payees of said note to perform their contract for services, the defendant was entitled to a rescission thereof, and a surrender and cancellation of the note. That the sale and assignment of the note was unauthorized and void and a fraud upon the rights of the defendant, and that the plaintiff, Harris, was not a holder in good faith and for value, and took said note subject to all the rights of the defendant against the original payees therein.

The prayer was that Byrne & Don Carlos be made parties to the suit and be required to answer therein, and that the holder of the note be ordered to surrender it into court and that the same be canceled, and that the contract of employment between the defendant and Byrne & Don Carlos be rescinded, and for general relief. The answer was filed July 5, 1911, but was not verified until February 5, 1915, after a motion for judgment on the pleadings had been argued, but the verification was made by permission of the court. A jury was waived by each of the parties and the cause was tried to the court. Among other things the court found as follows:

"That the affirmative allegations made in the answer of the plaintiff are true; that the note sued upon was obtained by fraud and negotiated in breach of faith; that the plaintiff is not the *bona fide* owner of the same or holder thereof for value; that the plaintiff acquired no title thereto; and that the defendant has an absolute defense to any action thereon by the said plaintiff."

The court rendered judgment for the defendant. From such judgment the plaintiff has prosecuted an appeal to this court.

It is urged that the trial court committed error in overruling

the motion for judgment on the pleadings. The general denial in the answer was sufficient to justify this ruling. *Doughty v. Funk,* 24 Okla. 312, 103 Pac. 634. Again, the matters set out in the answer and cross-petition constitute a good defense to the action. Under the circumstances disclosed by the record, it was not an abuse of discretion for the trial court to allow this pleading to be verified prior to the commencement of the trial, as was done.

We are not inclined to refer in detail to the several assignments argued. The manner in which the note in suit was attempted to be transferred does not bear the ear-marks of a *bona fide* transaction. There is no doubt, under the evidence, that the fee for which the note in suit was delivered depending upon the success of the two actions was a contingent one and that the delivery of the note was conditional, or in escrow, as in the case of *Tovera v. Parker et al.,* 35 Okla. 74, 128 Pac. 101, and that the attempted transfer of the note to the plaintiff in error, one client of Byrne's, was a breach of faith and a fraud upon his former client, Clanton, and that the plaintiff in error had actual notice of these facts. It is sufficient to say that the testimony fully sustains the findings of the trial court and the judgment entered thereon.

We recommend that the exceptions be overruled, and the judgment appealed from be affirmed.

By the Court: It is so ordered.