## ADAMS et al. v. THURMOND.

No. 4589. Opinion Filed June 15, 1915.

(149 Pac. 1141.)

1. **BILLS AND NOTES—Negotiable Instruments Act—Application.** Rev. Laws 1910, section 4049 (the negotiable instrument law) reading: "The provisions of this chapter do not apply to negotiable instruments made and delivered prior to the passage hereof"—will be construed to mean that it was not intended to make any instrument negotiable which was not negotiable prior to the act.

2. **SAME—Bona Fide Purchaser—Nonnegotiable Note—Defense.** A nonnegotiable note, transferred to an innocent purchaser, before maturity, and for a valuable consideration, is still subject to all the defenses which might be interposed against the note in the hands of the payee.

3. **SAME—Negotiability—Attorney's Fee.** As the law was prior to the passage of the negotiable instrument law (Sess. L. 1909, c. 24), a provision for an attorney's fee in a note rendered it nonnegotiable.

4. **SAME—Delivery—Condition.** A promissory note may be delivered conditionally. and this may be accomplished by a delivery to the payee himself, with proper agreement as regards the conditions.

5.    EVIDENCE—Parol Evidence—Conditional Delivery.   Parol evidence is not admissible to vary the terms of a written contract, but the rule is equally well settled that parol evidence may be given to .prove a separate parol agreement constituting a condition precedent to the attaching of any obligation under the written instrument.

(Syllabus by Devereux, C.)

. *Error from District Court, Carter County;*

*S. H. Russell, Judge.*

Action by J. A. Thurmond against Arthur Adams and another.   Judgment for the plaintiff, and defendants bring error.   Reversed and remanded.

This was an action on two promissory notes, both dated March 29, 1909, each for $425, one due on the 29th of September, 1909, and the other due on the 29th of March, 1910, with interest at 8 per cent. from date, and with the further provision that, in case of collection by suit or attorney, the makers of the notes were to pay 10 per cent. of the amount of said notes as an attorney fee. These notes were payable to Joseph Brashears, and were indorsed to the plaintiff.   The petition further alleges that the payee, Brashears, for value, indorsed and transferred these two notes to the plaintiff, and that the plaintiff is the legal holder and owner of the notes, but the petition does not allege the date of indorsement, nor does the indorsement on the notes set out the date.   The answer was duly verified, and, after admitting the execution of the notes, pleaded as a defense that they were executed to Joseph Brashears, as the consideration for the purchase price of certain land set out in the answer, and that at the time of the execution of the notes, it was represented to the defendants by Brashears that he was the sole and only heir at law of one Louis Wachubbee, deceased, and

at the time of the purchase of said land it was agreed
that the plaintiffs in error herein, defendants in the court
below, were to institute suit against the parties in pos-
session of the land, and all asserting right to possession,
to quiet title in Brashears, and that it was further agreed
that the defendants were not to pay the notes unless they
were successful in quieting the title; that in pursuance
of this agreement they instituted a suit in the district
court of Garvin county, where the land was situated, to
quiet title to this land, which suit is still pending; that
upon application of Joseph Brashears, the payee in the
notes, he was made a party to this suit for quieting title,
a copy of his application to be made a party being attached
to the answer.   The defendants further pleaded by way
of defense that Brashears, the payee in the notes, war-
ranted the title and possession of the land to the defend-
ants, and that the warranty has totally failed, because
there are several persons asserting the title to the land
adversely to the plaintiffs in error, one of whom is in
possession and claims to be the owner of the land.   The
application of Brashears to be made a party to the suit for
quieting title, among other things, sets up that a part of
the purchase price of this land was paid at the time, and
the balance evidenced by the notes signed by Oakes and
Adams, the plaintiffs in error, and it was agreed at the
time that L. W. Oakes was to have possession of the land
above described before the notes should be paid, that the
notes are past due and unpaid, and that until L. W. Oakes
gets possession of the land he (Brashears) has no right
to insist on their payment, for which reason Brashears
claims that he is interested in the suit to quiet title, and
is entitled to be made a party.   This application was duly
verified by Brashears.   On the trial this paper was intro-

duced in evidence, and in addition the plaintiffs in error introduced evidence tending to show that the notes in suit were given as the consideration for the purchase of the said land described in the answer, and that at the time they were executed, another person was in possession of the land, and that it was agreed that the plaintiffs in error were to bring suit to get possession of the land, and that they were buying the land conditionally on getting possession; that, acting under this agreement, they did bring this action, which was pending when the case'at bar was tried, and that they had never gotten possession of the land. The plaintiff introduced no evidence, except the notes. A jury was waived, and the case submitted to the court to try the issues, both of law and of fact, who found all the facts in favor of the plaintiff and rendered judgment in his favor, to which exception was duly saved. A motion for a new trial was duly filed, overruled, and exceptions saved, and the defendants below bring the case here by petition in error and case-made.

*H. A. Ledbetter,* for plaintiffs in error.

*W. I. Cruce,* for defendant in error .

Opinion by DEVEREUX, C. (after stating the facts as above). The first question presented is, was the note negotiable? The note is dated March 29, 1909, and is governed by the law as it existed prior to the enactment of the negotiable instrument law (chapter 49, Rev. Laws 1910). This act was passed at the session of the Legislature of 1909, and contained no emergency clause, and was therefore not in effect when these notes were given. It is provided by section 4049, Rev. Laws 1910:

"The provisions of this chapter do not apply to negotiable instruments made and delivered prior to the passage hereof."

We think the meaning of this section is that it was not intended to make any instrument negotiable by the act which was not negotiable prior thereto, but, however this may be, the Legislature had no power to make a non-negotiable instrument, executed and delivered before the act was passed, negotiable under the act, because article 1, sec. 10, of the Constitution of the United States provides, among other things, that no state shall pass any law impairing the obligation of a contract. In *Edwards v. Kearzey,* 96 U. S. 595, 24 L. Ed. 793, it is said:

"It is also the settled doctrine of this court that the laws which subsist at the time and place of making a contract enter into and form a part of it as if they were expressly referred to or incorporated in its terms. This rule embraces alike. those which affect its validity, construction, discharge, and enforcement."

It has been settled that the decisions of state courts of last resort, establishing what the law is at the time a contract is entered into, becomes a part of its obligation, and therefore protected by the Constitution of the United States (article 1, sec. 10), and its obligation cannot be impaired by any subsequent act of the Legislature or decisions of the courts altering the construction so placed upon the law. *Gelpcke v. City of Dubuque,* 1 Wall. 175, 17 L. Ed. 530; *Muhlker v. N. Y. & Harlem R. Co.,* 197 U. S. 544, 25 Sup. Ct. 522, 49 L. Ed. 872. Under these authorities the Legislature certainly would have no power, even had it attempted to do, so, to render a note, nonnegotiable when it was given, negotiable afterwards. We think this too clear to. require further consideration.

Under the law as it existed when these notes were executed, provision for an attorney's fee rendered the note nonnegotiable. *Cotton v. John Deere Plow Co.,* 14 Okla.

605, 78 Pac. 321; *Clevenger v. Lewis,* 20 Okla. 837, 95 Pac. 230, 16 L. R. A. (N. S.) 410, 16 Ann. Cas. 56; *Clowers v. Snowden,* 21 Okla. 476, 96 Pac. 596. It has also been settled by the decisions of this court that a non-negotiable note in the hands of an innocent purchaser for value is subject to the same defense as if owned by the original payee. *Randall Co. v. Glendenning,* 19 Okla. 475, 92 Pac. 158; *Clowers v. Snowden,* 21 Okla. 476, 96 Pac. 596.

The question is therefore presented whether, under all of the evidence in this case, the plaintiffs in error have any defense against the payee in the note, Brashears. The plaintiff in the court below introduced no evidence, except the notes. The defendants introduced evidence, which is set out in the statement of facts, tending to show that the note was delivered to Brashears upon a condition, that is, that it was not to be paid until the title to the land was settled and the present plaintiffs in error were put in possession. In *Horton v. Birdsong,* 35 Okla. 275, 129 Pac. 701, it is held:

"A promissory note may be delivered conditionally, and this may be accomplished by delivery to the payee himself, with proper instructions in relation to the conditions."

In the opinion of that case it is said:

"As the note in controversy was delivered to the payee upon condition that he sign the bill of sale accompanying it and return the same to the maker of the note, and the condition was not complied with, it follows that it was error for the court to enter judgment upon the note against the defendant."

In *Tovera v. Parker,* 35 Okla. 74, 128 Pac. 101, it is said:

"The authorities hold that where the maker of a note delivers it to the payee with the agreement that it shall not take effect until the happening of a certain contingency or the performance of a certain condition, and where neither the contingency has occurred nor the condition been performed, the note never became operative; and an action thereon by the payee or his assignee with notice cannot be maintained."

See, also, *Farmers' Bank of Roff v. Nichols*, 25 Okla. 550, 106 Pac. 834, 138 Am. St. Rep. 931, 21 Ann. Cas. 1160.

In *Gamble v. Riley*, 39 Okla. 363, 135 Pac. 390, it is said:

"A promissory note may be delivered conditionally, and this may be accomplished by delivery to the payee himself, with proper instructions in relation to the condition. It is elementary that parol evidence is inadmissible to contradict or vary the terms of a valid written instrument. But the rule is almost equally well settled that parol evidence may be given to prove the existence of any separate parol agreement constituting a condition precedent to the attaching of any obligation under the written instrument; that is, not to vary the terms of a written instrument, but to prove that no contract was ever made; that its obligation never commenced."

The same principle is decided in *Humphrey v. Timken Carriage Co.*, 12 Okla. 413, 75 Pac. 528, *Jones v. Citizens' State Bank,* 39 Okla. 393, 135 Pac. 373, and *Harris v. Clanton*, 46 Okla. 183, 148 Pac. 683.

We cannot distinguish the case at bar from the above-cited cases. The defendant in error relies upon the case of *Colbert v. First National Bank of Ardmore*, 38 Okla. 391, 133 Pac. 206, but that case is distinguishable, because the evidence offered in that case was not to show that

there was a condition attached to the notes, but that the note was not to be paid in any event. This distinction is clear. In the case at bar it is not attempted to show that the notes were not to be paid under any circumstances, but only that they were delivered on the condition that they were not to be paid until the title to the land was settled and the plaintiffs in error placed in possession thereof. In the Colbert case the evidence offered and rejected was that under no circumstances was the maker of the note to become liable.

We therefore recommend that the judgment be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

By the Court: It is so ordered.