## KANSAS CITY SOUTHERN RY. CO. et al. v. WHITAKER et al.

No. 15442—Opinion Filed Oct 13, 1925.

Rehearing Denied Dec. 15, 1925.

**1. Contracts — Construction — Province of Court.**

If the language of some part of the contract does not express clearly the intentions of the parties thereto, it is the duty of the court to declare the intention of the parties as expressed by the contract, if this can be done by reference to the entire contract, provided there are no disputed questions of fact concerned in the construction of the instrument.

**2. Same—Ambiguity—Question of Fact.**

If the ambiguity cannot be determined by reference to the entire contract and evidence must be heard upon disputed questions in order to arrive at the intention of the parties,

the question is one of fact for the court, or the jury, to be tried as other issues of fact.

**3. Same—Parol Evidence to Explain.**

It is not proper for the court to receive parol testimony to ascertain the intention of the parties as evidenced by a written agreement, unless the court is unable to clarify the uncertain meaning of the contract by reference to its entirety. The foregoing rule does not apply if the language of the contract is clear and certain. If the language of the written contract is clear and certain as to the intention of the parties, the court will not receive parol testimony as to the intentions of the parties.

**4. Judgment Sustained.**

Record examined; held, to be sufficient to support judgment for defendants.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Adair County; J. T. Parks, Judge.

Action by the Kansas City Southern Railway Company et al. against L. W. Whitaker et al. Judgment for defendants, and plaintiffs bring error. Affirmed.

James B. McDonough and Joseph R. Brown, for plaintiffs in error.

John A. Goodall, for defendants in error.

Opinion by STEPHENSON, C. A contract in writing was entered into between the railway company and the defendants in the year 1900, being in substance:

(1) That the defendants would furnish or provide a right of way for a railway switch to their mill plant, if the right of way was required by the railway company.

(2) That the railway company would construct a switch line from its main line track to the mill plant of the defendants, and operate the same, provided the defendants would pay for the cost of maintenance.

It was the intention of the railway to locate the switch line upon the lands of the plaintiff and the defendants. The railway surveyed the line upon land that it thought was the property of the plaintiff and the defendants, and located the switch track thereon. It was the duty of the defendants, under the foregoing agreement entered into in the year 1900, to pay for the cost of the maintenance of the track.

It was discovered about the year 1911, that the railway had located the switch

line in part upon the property of S. E. Crocker by mistake. The latter filed his suit against the railway for the possession of his property upon which the track was located. Pursuant to oral negotiations between the plaintiff and defendants, the latter settled and compromised the suit, and took a title to the property in controversy. The railway then prepared a form of agreement for the conveyance of the property from the defendants to the plaintiff. The conveyance of the property so acquired from Crocker by the defendants to the plaintiff was conditioned that the grant should continue so long as the railway maintained and operated the railway track.

The railway made various repairs to the track in the years 1917 and 1918, and submitted bill therefor to the defendants. The contention of the plaintiff was that the defendants should pay for the repairs under the written agreement executed in 1900. The contention of the defendants was that the mistake of the railway in locating the track in the first instance, and the suit by Crocker against the railway, which was settled and compromised by the Whitakers at their expense, gave rise to a new agreement in connection with the conveyance of the Crocker property to the railway; that the oral understanding, pursuant to which the Whitakers settled and compromised the suit and conveyed the property to the plaintiff, was that the railway was to maintain and operate the switch at its expense, and that such oral agreement was expressed in the written agreement in connection with the conveyance. The Whitakers rely upon the intentions expressed in the grant, to the effect that the railway should maintain and operate the switch track, as a defense to the recovery by the plaintiff for the repairs to the track. The conveyance of 1911 of the real estate from the Whitakers to the railway recites that the condition of the grant is that the railway should maintain and operate a switch track. The plain and clear meaning of the term "maintain and operate," when it is used in the sense of defining the consideration for a conveyance, means that the grantee should bear the expense of continuing the improvement. If we give the meaning to the agreement as contended for by the railway, it would destroy the only consideration for the conveyance described in the written agreement. It was the error of the railway that gave rise to the necessity for securing the deed from Crocker, and this was done at the expense of the Whitakers. The contract was transmitted to the Whitakers for execution, with the following letter from the railway agent of the plaintiff:

"Herewith easement corrected in initials, and you will note that the company obligates itself to maintain the track so long as effective. This I believe complies with your wishes. I have attached also a copy of the instrument for your files."

If the intention of the parties was made uncertain by the use of the phrase "maintain and operate," the foregoing letter would make it clear that the question of maintenance of the track had been discussed between the parties, and that the consideration for the settlement of the lawsuit and the conveyance of the property was that the railway should maintain the track at its expense.

The trial of the cause resulted in a judgment for the defendants. The plaintiff has appealed the cause and seeks reversal upon several rulings of the trial court. The main contentions of the plaintiff in error are: (1) That the contract of 1900 is controlling and bound the defendants to pay for the maintenance of the track. (2) That the agreement and conveyance dated in 1911 did not bind the railway to maintain the track at its cost. (3) That the court committed error in receiving evidence as to the intention of the parties as expressed by the contract of 1911. (4) That the court committed error in receiving parol testimony to vary the written terms of the contract of 1911; it being the contention of the plaintiff in error that it was not bound to maintain and operate the track at its expense after the agreement of 1911.

If the language of the contract is uncertain in some part as to the meaning and intention of the parties, it is the duty of the court to examine the entire contract, if there be no disputed questions between the parties, and declare the meaning of the instrument. If there be ambiguity in some part of the contract, and the court is unable to determine the intention of the parties from an examination of the entire contract, then the court must hear testimony in order to ascertain the meaning of the contract and the intention of the parties. If there be dispute between the parties, then the question of fact must be tried as any other question of fact involved in the trial of an action.

If it be a law action and triable to the jury, then the question of fact is one for determination from all the evidence, under proper instructions from the court. But

the intention of the parties in the execution of the written agreement does not become a question of fact for trial in the cause, if the court is able to declare the intentions of the parties as expressed by the contract, from an examination of the entire contract. Brooks v. J. R. Watkins Medical Co., 81 Okla. 82, 196 Pac. 956. If we give the meaning ordinarily attached to the phrase "maintain and operate," as used in the instrument of conveyance, it expresses the intention of both parties that that switch line should be maintained at the cost of the railway, as this is the only consideration described by the instrument of conveyance. If the language is not clear, and there be dispute, as occurred in this case, and the court was unable to determine the disputed issue from an examination of the entire language of the conveyance, then it was the duty of the court to receive parol testimony from both parties as to the meaning which the parties intended to attach to the phrase as used in the conveyance. A judgment against the plaintiff denying recovery for the money sued for, carried a finding upon every material issue in favor of the defendants. The trial court either found that the intention of the parties was clearly expressed by the conveyance of 1911, or, if it treated the intention of the parties as an issue of fact, the question was resolved against the plaintiff.

A judgment reached in the trial of a law action to the court will not be reversed on appeal, if there is any competent evidence which reasonably tends to support the judgment. Young v. Eaton, 82 Okla. 166, 198 Pac. 857.

It is recommended that the judgment be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 13 C. J. pp. 525, § 486; 783, 785, §996. (2) 13 C. J. p. 785, § 997. (3) 13 C. J. pp. 770, § 967; 771, § 969; 22 C. J. p. 1177, § 1570. (4) 4 C. J. p. 879. § 2853. See under (1, 2) 6 R. C. L. p. 862 et seq.; 2 R. C. L. Supp. p. 234; 4 R. C. L. Supp. p. 448; 5 R. C. L. Supp. p. 374. (3) 10 R. C. L. p. 1018; 2 R. C. L. Supp. p. 1141; anno. 17 L. R. A. 273.