## HENSLEY et al. v. MOSS.

No. 18634.   Opinion Filed Sept. 18, 1928.

(Syllabus.)

**Evidence—Parol Evidence Inadmissible to Vary Terms of Written Contract—Manner of Satisfaction of Note and Mortgage.**

Where the provisions of a note and mortgage set out in detail the time and manner and conditions under which the mortgage shall be satisfied, it is not error for the court to refuse to admit oral testimony showing that at the time of the execution of said note and mortgage there was an oral agreement that the note should be satisfied in a different manner and under different conditions than set out therein, under the doctrine that parol testimony is not competent to vary the terms of a written contract.

Commissioners' Opinion, Division No. 1.

Error from District Court, Tillman County; Frank Mathews, Judge.

Action by M. J. Moss against Adele E. Hensley and J. S. Hensley. Judgment for plaintiff, and defendants appeal. Affirmed.

Christian & Scott, for plaintiffs in error.

Dale, Brown & Hoyland, for defendant in error.

FOSTER, C. This is a suit brought by M. J. Moss on a note in the sum of $3,000, and to foreclose a real estate mortgage given to secure the same, dated November 3, 1921, executed by Adele E. and J. S. Hensley. The note was payable in one year from date, subject to the conditions of the

mortgage. The mortgage contained the following clause:

"Provided, further, that said note shall be due and payable within twelve months (12 mos.) from date hereof, to be paid out of oil royalties accruing to party of the first part, if any such royalties shall become due and payable within said time, and, if none, then said note shall be extended for one year (1 yr.) thereafter, to be paid from royalties due and accruing to party of the first part from said land as above, and if none at the end of said second year, then said note shall be extended for the third year, to be paid out of the royalties due and accruing the first party from said land, and provided, further, that if at the end of the third year said note has not been paid, then the same together with any interest that may accrue to become a lien against the surface rights and all rights of the said land."

The petition also asks for the cancellation of an oil and gas lease dated the same date as the mortgage and given by Adele E. and J. S. Hensley to one H. M. Brock. However. the right to cancel this lease is admitted. and is therefore not involved.

In the answer of the Hensleys, they admitted the execution and delivery of the note and mortgage above described, but alleged that the said note and mortgage did not contain all of the agreements that were entered into at the time of its execution; that it was understood between M. J. Moss, plaintiff, and H. M. Brock, the owner of the lease, and these defendants, Adele E. Hensley and J. S. Hensley, that in consideration of the money advanced by M. J. Moss, he was to have a one-half interest in the oil and gas lease made out to Brock; that this arose by reason of Mrs. Hensley having homesteaded the real estate involved herein: that there was a contest as to her right and title to the real estate, and that she made an agreement with Brock that, if he would furnish the money necessary for her to defend the actions which had been brought against her, when she secured clear title to the real estate, she would give him an oil and gas lease thereon; that under this agreement Brock furnished part of the money. Being unable to furnish enough money, he made an agreement with M. J. Moss, by the terms of which Moss was to advance certain money, and he (Brock) was to give him a one-half interest in the oil and gas lease. which was done; that under this arrangement with Brock, Moss furnished most of the money represented by the note and mortgage herein sued upon, and that on or about November 3, 1921, all of the parties met in Guthrie,

Okla., and after considerable negotiation, this note and mortgage was executed; that in addition to the provisions contained in the mortgage, it was understood and agreed that action should not be brought upon this note until after the land was tested for oil and gas, and that either this plaintiff, M. J. Moss, or Brock would develop the land for oil and gas, or they would secure some other persons to develop it, and that if oil and gas were produced, this note and mortgage should be paid from the royalties coming to the Hensleys. But, if it should be determined that there was no oil or gas, then the note and mortgage should become a lien upon the surface rights of the real estate herein involved.

At the trial of the cause in the district court, the judge sustained an objection to all the testimony concerning the agreement which was not included in the mortgage, and also sustained an objection to any testimony tending to show that the terms of the mortgage were ambiguous, to which the plaintiff objected, and the only question submitted to the jury was whether or not the full amount of $3,000 was due, which question was decided in favor of the said M. J. Moss by a verdict of the jury.

Judgment was entered for the full amount of the mortgage, together with the taxes paid by Moss, and it is from this judgment that this appeal is prosecuted.

M. J. Moss will be referred to as plaintiff, Adele E. Hensley and J. S. Hensley as defendants, and the codefendant Brock by name.

The assignments of error are as follows:

First. That the court erred in refusing certain competent parol testimony which would have proven the matter set forth in the defendants' answer as to the conditions upon which the note and mortgage herein sued upon were delivered.

Second. That the court erred in refusing certain testimony to explain the ambiguity of the paragraph of the mortgage relative to the deferred payments.

Concerning the first proposition above set out. it is the contention of the defendants that this note and mortgage was really executed and delivered to the plaintiff, M. J. Moss, as an escrow, to be effective only upon the contingency of oil and gas being produced upon the land, or upon the land being developed for oil and gas, and it being proven to a reasonable certainty that no oil and gas could be produced thereon.

It is contended by defendants that this proposition is supported by the case of Republic Nat. Bank of St. Louis v. First State Bank of Oilton, 110 Okla. 299, 237 Pac. 578. In that case, the notes and mortgages upon their face were unconditional, but there was a letter written to the bank showing the conditions under which the notes and mortgages were delivered, and the court held that this letter was competent testimony to show the conditional delivery.

It is further contended that a promissory note may be delivered by a maker to a payee upon condition, or as an escrow. Tovera v. Parker, 35 Okla. 74, 128 Pac. 101.

Defendants also rely upon the case of Adams v. Thurmond, 48 Okla. 189, 149 Pac. 1141, in which case it is held that parol evidence is not admissible to vary the terms of a written contract; but the rule is equally well settled that parol evidence may be given to prove a separate parol agreement, constituting a condition precedent to the attaching of any obligation under a written contract.

It is contended by plaintiff that the proof offered by the defendants in this case is not parallel to the case of Adams v. Thurmond, supra, because there is no evidence in this case that the parol agreement constituted a condition precedent to the attaching of any obligation; that, in the case at bar, the mortgage set up in detail the time and manner in which it should be paid, and that the parol agreement attempted to be proven was only for the purpose of changing the terms of the mortgage and the manner of its payment, and therefore such testimony could not be admitted under the parol evidence rule.

In support thereof, the plaintiff cites section 5035, C. O. S. 1921; 10 R. C. L. p. 1016, section 208, and case of Burke v. Delaney, 153 U. S. 233, 38 L. Ed. 698, in which the general rule is laid down that a written contract cannot be contradicted or varied by evidence or parol agreement between the parties before or at the time of such contract.

This general rule as set out is well recognized. The only question is, whether or not the facts in this case constitute an exception. The evidence shows ample consideration for the note and mortgage. There was no dispute but what defendants were obligated to pay it. The only dispute was the time and manner of payment. There was nothing shown by the testimony, con-

stituting a condition precedent to the attaching of the obligation. The only evidence offered pertained to the time and manner in which the note should be paid. This, we think, is clearly set out in the note and mortgage.

Under all the circumstances in this case, we believe the court was correct in refusing to admit the testimony.

The next proposition is, whether or not the court erred in refusing testimony explaining the ambiguity in the clause of the mortgage above referred to. This naturally presents the proposition of whether or not the clause itself is ambiguous. The defendants, after citing the section of the mortgage herein above quoted, rely upon the following authority: Bell-Wayland Co. v. Russell Jobbers Mills, 92 Okla. 201, 218 Pac. 827, in which it is held that a contract is ambiguous for the reason that it shows the agreement was contingent upon something in the contemplation of the parties; but from an examination of this case, the facts are so different that we cannot consider the same authority.

Defendants next cite section 5052, C. O. S. 1921; 9 Cyc. p. 588; Rider v. Morgan, 31 Okla. 98, 119 Pac. 958, in, which the general rule is laid down that, where the meaning of the terms in a written contract is not clear, the subsequent acts of the parties, showing the construction they have put upon the agreement themselves, are to be looked to by the court, and the further general proposition that the question of determining the meaning of a contract is ordinarily a question of law; but where the construction depends upon extrinsic facts as to which there is a dispute, its construction is a mixed question of law and fact, and is for the jury to determine under the circumstances and under proper instructions from the court: 9 R. C. L. 591; Rider v. Morgan, supra; Kansas City Ry. Co. v. Whitaker, 115 Okla. 212, 242 Pac. 220; Daniel v. Pappas, 93 Okla. 165, 220 Pac. 335.

While these general rules are no doubt the law in Oklahoma, it seems to us that the paragraph of the mortgage above quoted is not ambiguous. The district court evidently held that said provision was in no way ambiguous, and in this we believe he was correct.

In the case of Nindle v. State Bank (Neb.) 13 N. W. 275. the definition is given as follows: "Ambiguity is defined as * * * duplicity, indistinctness, or uncertainty of meaning of an expression used in a written

instrument." Under this definition, we do not believe the paragraph was ambiguous.

It therefore follows that the judgment of the trial court should be sustained.

BENNETT, TEEHEE, REID, and LEACH, Commissioners, concur.

By the Court: It is so ordered.

Note.—See 22 C. J. p. 1089, §1443; anno. 17 L. R. A. p. 270 et seq.; 10 R. C. L. p. 1017; 2 R. C. L. Supp. p 1139; 4 R. C. L. Supp. p. 686; 5 R. C. L. Supp. p. 582; 6 R. C. L. Supp. p. 635; 7 R. C. L. Supp. 343.